MINA PICK, for use, etc.

*v.*

THE MUTUAL LIFE INSURANCE COMPANY *et al.*

| 192 | 157 |
|-----|-----|
| 198 | 4614 |

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*what essential to enable Supreme Court to entertain garnishment appeal.* In the absence of a certificate of importance it is indispensable to the jurisdiction of the Supreme Court to entertain an appeal in garnishment proceedings that it shall affirmatively appear from the record that amount involved is at least $1000.

2. SAME—*when pleadings must be resorted to to determine the amount involved.* In garnishment proceedings, if interrogatories to be answered by the garnishee are not filed nor any answer made by the garnishee to the writ, and no testimony is heard relative to the liability of the garnishee to the alleged judgment debtor, resort must be had to the pleadings, on appeal to the Supreme Court, to ascertain whether it therein appears that the amount involved is sufficient to confer jurisdiction.

3. SAME—*an affidavit of garnishment may be regarded as a pleading.* An affidavit prepared and filed in pursuance of section 1 of the Garnishment act may be regarded as a pleading under the last proviso of section 8 of the Appellate Court act, (Laws of 1887, p. 157,) authorizing resort to the pleadings to determine the amount involved, where no issue of fact is tried in the lower court.

4. SAME—*test as to amount involved in garnishment case.* The amount in which judgment was entered in favor of the garnishing creditor is not the full test of the amount involved in the proceeding, since no greater amount can be involved than the aggregate value of the effects, credits and personal property, if any, of the judgment debtor found in the hands of the garnishee or due to be paid by him to the judgment debtor.

*Pick* v. *Mutual Life Ins. Co.* 94 Ill. App. 483, appeal dismissed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ALBERT H. MEADS, for appellant.

KRAUS, ALSCHULER & HOLDEN, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Cook county dismissed a writ of garnishment issued under section 1 of chapter 62 of our statutes, entitled "Garnishment," which Leopold Mayer, as an alleged judgment creditor of Mina Pick, procured to be issued against the appellees, the Mutual Life Insurance Company of New York and the New York Life Insurance Company. The Branch Appellate Court for the First District affirmed the judgment of the circuit court. This is an appeal from the judgment entered in the Appellate Court.

A certificate of importance was not granted by the Appellate Court, and an investigation of the record has disclosed that such certificate is essential to authorize us to review the action of the Appellate Court. There is no element on which to base jurisdiction in this court other than as to the amount involved. It is indispensable to the jurisdiction of this court to entertain the appeal it shall affirmatively appear in the record the amount involved is at least $1000. *Piper* v. *Jacobson*, 98 Ill. 389; *Partridge* v. *Stevens*, 187 id. 383.

Interrogatories to be answered by the garnishee were not filed, nor did the garnishee company make answer to the writ. No testimony whatever was heard relative to the liability, of any nature or kind, of the garnishee to the alleged judgment debtor. We must therefore, under the final proviso to section 8 of the act of June 6, 1887, (1 Starr & Cur. Stat. 1896, chap. 37, par. 28,) resort to the pleadings to ascertain whether it appeared in that manner the amount involved is sufficient to confer jurisdiction on this court to review the action of the lower courts. *Partridge* v. *Stevens, supra.*

The writ was based upon an affidavit prepared and filed in pursuance of the provisions of section 1 of chapter 62 of our statutes, entitled "Garnishment." The affidavit may, therefore, be regarded as a pleading, within

the meaning of the proviso to section 8 of the Appellate Court act. The statements of the affidavit are, that Leopold Mayer obtained a judgment against one Mina Pick in the sum of $2088.50; that execution was returned "no property found," and, to quote literally from the affidavit, "but this affiant has just reason to believe that the Mutual Life Insurance Company of New York and the New York Life Insurance Company are indebted to said defendant, or have effects or estate of said defendant in their hands." The amount in which judgment was entered in favor of the garnisheeing creditor against his judgment debtor exceeded $1000; but that does not constitute the full test of the amount involved in the garnishment proceeding. Section 16 of chapter 62, (Hurd's Stat. 1899,) entitled "Garnishment," expressly provides the judgment to be rendered against the garnishee shall have no greater effect than to acquit the garnishee "from all demands by the defendant for all goods, effects and credits paid, delivered or accounted for by the garnishee by force of such judgment." No greater amount can therefore be involved than the aggregate value of the effects, credits and personal property, if any, of the judgment debtor found in the hands of the garnishee or due to be paid by him to the judgment debtor. It does not appear from the affidavit, or otherwise in the pleadings, it was claimed by the garnisheeing creditor that the garnishees were indebted to the judgment debtor in the sum of $1000, or had goods and effects of such debtor to that amount, or that such indebtedness (if any) and effects and goods aggregated that sum.

In the absence of a certificate of importance we are without jurisdiction to entertain the appeal. The appeal must be and is dismissed. *Appeal dismissed.*