PRATT and another, Appellants, vs. DARLING, Respondent.

*April 6—May 2, 1905.*

*Sales: Fraudulent representations: Rescission.*

1. Fraudulent representations made by plaintiffs' agent during negotiations for the sale to defendant of plaintiffs' goods, to the effect that he had not sold these goods to any other merchant in defendant's town and would not do so, give defendant a right to countermand an order for the goods and to refuse to receive them.

2. In such case the false statement of the agent that he had not sold to another was a statement as to an existing fact, constituting a substantial part of the inducement for the purchase, and was material and false. It was not an agreement, understanding, or condition of sale, and was not cut off or affected by the written contract of purchase, which provided: "Separate verbal or written agreements with salesmen are not binding upon [plaintiff]. All conditions of sale must be shown on this order. . . . We have no agreement or understanding with salesmen except as printed or written on this order."

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is an action to recover for merchandise sold. The plaintiffs are manufacturing chemists at Iowa City, Iowa, and the defendant is a merchant at Manawa, Wisconsin. On March 31, 1903, the plaintiffs' traveling salesman, one Killen, called on the defendant at his store at Manawa, and, after some negotiations, obtained the defendant's written order for a quantity of perfumes and toilet preparations, amounting in all to $133.38. This order contained, among other provisions, the following:

"Separate verbal or written agreements with salesmen are not binding upon Walter Pratt & Co. All conditions of sale must be shown on this order. . . . We have no agreement or understanding with salesmen except as printed or written on this order."

The order contained provisions as to the display of the goods in a showcase to be furnished by the plaintiffs, and required the defendant to keep the line of goods complete by purchases at least as often as every six months; also other provisions not necessary to be stated. The goods were shipped to defendant at Manawa, April 2, 1903, but on the 6th of April, 1903, the defendant· countermanded the order, and refused to receive the goods, on the ground that the sale was effected by fraud. A verdict for the defendant was directed, and from judgment thereon the plaintiffs appeal.

The cause was submitted for the appellant on the brief of *F. F. Wheeler*, and for the respondent on that of *E. L. & E. E. Browne.*

WINSLOW, J. The fraudulent representation upon which the defendant relied as vitiating the contract of sale was a statement made to him by the agent, Killen, during the negotiations, to the effect that he had not sold these goods to any other merchant in Manawa and would not do so. The tes-

timony is absolutely undisputed that this statement was made by Killen and that defendant relied upon it, and would not have purchased had it not been made. It is very certain from the evidence that the sole handling of this line of goods in Manawa was considered important by both parties. It is also undisputed that this statement was untrue, and that Killen in fact had sold the same line of goods to Schuelke Bros., who are merchants in the same town. Upon learning this fact the defendant at once countermanded the order and refused to receive the goods, as we think he had a right to do.

Had Killen's statement been simply to the effect that he would not sell the goods to any other dealer it would not have constituted a fraudulent representation, not only be- cause this would have been a mere promise and not a false statement as to an existing fact (*Tufts v. Weinfeld*, 88 Wis. 647, 60 N. W. 992), but also because it would have been a mere oral agreement with the salesman, which by the written agreement is absolutely cut off. The statement that he had not sold to another was, however, a statement as to an exist- ing fact. It was material and false, and constituted a sub- stantial part of the inducement for the purchase. It was not an agreement, understanding, or condition of sale, and hence was not cut off or affected by the terms of the written con- tract. The court was therefore right in holding that the con- tract was void because obtained by means of a false and fraudulent representation of fact.

*By the Court.*—Judgment affirmed.