Texas & New Orleans Railroad Company v. C. T. Rucker.

No. 1440.   Decided June 8, 1905.

**Jurisdiction—Amount in Controversy—Lien.**

In a suit to recover possession of personal property of the value of $900, wrongfully taken from plaintiff's possession, the action being for the purpose of asserting and protecting a carrier's lien thereon in plaintiff's favor for the sum of $55.60, the amount in controversy was determined by the value of the property and the county court had jurisdiction. (P. 128.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Liberty County.

*Baker, Botts, Parker & Garwood* and *Stevens & Pickett,* for appellant.—As our first proposition, we submit that the general rule is, that in suits to enforce a lien upon personal property, the value of the property which it is sought to subject to the lien, and not the amount of the debt claimed, determines the jurisdiction of the court. And the

authorities supporting that proposition are: Cotulla v. Goggan, 77 Texas, 32; Marshall v. Taylor, 7 Texas, 235; Lane v. Howard, 22 Texas, 7; Smith v. Giles, 65 Texas, 341; Austin Real Estate Co. v. Bahn, 87 Texas, 583; Munroe v. Schwartz, 4 App. Civ. Cases, sec. 104.

As a second proposition, we state, that as a carrier is given by statute in this state a lien on freight carried to secure the freight charges therefor, and the further right to sell the same if the proper freight charge is not promptly paid, the lien is more than the mere common law lien a carrier would have without the force of the statute, and as the lien and right of sale attaches to all of the property, if such property is taken from the possession of the carrier, unlawfully or without its knowledge or consent, the carrier can protect itself by resorting to the writ of sequestration in order to regain possession of the property and enforce its lien, and in such a case such a writ must be issued by a court having jurisdiction of the value of the property to be sequestered.

And thirdly, we submit, that even if the lien of a carrier in this state is no more than an ordinary common law lien (and appellee admits that much), such lien gives the carrier the right to *retain possession* of the property it has carried until the *proper* freight charge is paid, and if possession of the property is taken from the carrier unlawfully, or without its knowledge or consent, it has the right to sue to regain that *possession,* and in such a suit for *possession,* the value of the property it is seeking to *possess,* is the amount in controversy, and the jurisdiction is determined thereby. Am. and Eng. Enc. of Law, 2d ed., vol. 5, p. 420; Am. and Eng. Enc. of Law, 2d ed., vol. 19, p. 34; Am. and Eng. Enc. of Law, 2d ed., vol. 19, p. 27, and cases cited under foot note 10 on this page; Am. and Eng. Enc. of Law, 2d ed., vol. 5, p. 412, and cases cited under foot note 3 on said page; Am. and Eng. Enc. of Law, 2d ed., vol. 5, p. 416; Cotulla v. Goggan, 77 Texas, 32; Marshall v. Taylor, 7 Texas, 235; Lane v. Howard, 22 Texas, 7; Smith v. Giles, 65 Texas, 341; Austin Real Estate Co. v. Bahn, 87 Texas, 583; arts. 4864 and 4865, Rev. Stat., 1895; Am. and Eng. Enc. of Law, 2d ed., vol. 19, pp. 7 and 34; Am. and Eng. Enc. of Law, 2d ed., vol. 24, p. 477, par. 1 and 2, and p. 478, par. 3; Wilkins v. Wellar, 1st App. Civ. Cases, sec. 879; Fowler v. Stonum, 6 Texas, 72.

*Marshall & Dabney,* for appellee.—The court did not err in sustaining defendant's exceptions to the jurisdiction of the county court, because plaintiff having sued for $55.50 and to foreclose an alleged lien, to wit, a carrier's common law lien, which arises by implication of law, on certain cattle alleged to be of the value of $900, the amount or matter in controversy that governed the jurisdiction was $55.50, and not the value of the property which it is sought to charge with the payment of the $55.50. It is only in cases of contract liens that the value of the property may be looked to to determine the jurisdiction of the court, and the case at bar is not one on a contract lien.

While appellee does not controvert that appellant had a carrier's lien on the property transported, and if appellee, as alleged by appellant, wrongfully obtained possession of said property before the charges were paid when said property arrived at its destination, that a writ of

sequestration founded upon a suit in the proper court was a proper proceeding, and that said lien can be foreclosed in such a suit, but appellee does deny that appellant could have a writ of sequestration to issue and seize and hold the same to be sold by appellant without judicial proceedings, as is directed by statute, to cover freight charges; and appellee also denies that the writ of sequestration can issue out of one court, to wit, the county court, to hold property until a court of different jurisdiction, to wit, the justice court, could adjudicate and determine the rights of the parties as to the debt sued for. Appellee also controverts that sequestration is, under our system of jurisprudence, analogous or equivalent, so far as this case is concerned, to the old common law remedy of replevin. Blum v. Gaines, 57 Texas, 139; Finegan v. Read, 8 Texas Civ. App., 35.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals, First Supreme Judicial District. The statement and question are as follows:

"In the above styled cause now pending in this court on appeal from the County Court of Liberty County, the cause of action set up and the relief sought by appellant, plaintiff in the court below, is thus stated in its petition: 'That heretofore, to wit, on or about the 22d day of February, 1904, plaintiff had in its possession and control the following described personal property: eighteen head of oxen which had been shipped from New Braunfels, Texas, to Liberty, Texas, and consigned to said defendant. That said oxen were shipped over the International & Great Northern Railway, the Galveston, Harrisburg & San Antonio Railway and the Texas & New Orleans Railway, under and by virtue of a contract and agreement made and entered into by and between the defendant and the agent of the International & Great Northern Railway Company, at New Braunfels, Texas; that by the terms of said contract and agreement, the defendant was to pay to plaintiff as freight charges for the transportation of said oxen, the sum of $49.50, which amount was the correct charge as prescribed by the tariff of the Railway Commission of the State of Texas. That said railroads above named are connecting lines and the sum so charged was to be paid to the Texas & New Orleans Railway Company, at Liberty, Texas. That while on the way to Liberty, Texas, it was necessary to feed said oxen and they were fed by plaintiff at San Antonio and Houston, for which an expense of $6.00 was incurred and became chargeable against defendant and due to the plaintiff. That on said 22d day of February, said oxen were in car No. 13798, G. H. & S. A. R. R., on the track of the plaintiff in the town of Liberty. That the above named sums of $49.50 and $6.00, amounting to a total of $55.50, was due and unpaid, and was the correct and lawful charge for freight and feed, but that defendant refused to pay same and any part thereof, and without consent of plaintiff and without having paid said sum or any part thereof, the defendant took possession of said oxen and removed them from said car, and now has them in his possession and control. That said sum of $55.50 due to plaintiff as aforesaid has not been paid, nor has any part thereof, but though often requested, the defendant has refused to pay and did refuse to pay the same, or any

part thereof, and this plaintiff is entitled to a lien on said property to secure the payment of said sum.

"Wherefore, plaintiff prays for the possession of said oxen until the payment of said freight and feed charges due thereon to plaintiff, for the foreclosure of its lien, for costs of suit, and all relief, both general and special, legal and equitable, to which it may be entitled, as in duty bound it will ever pay."

"At the time the petition was filed, plaintiff applied for a writ of sequestration and the affidavit for said writ filed with the petition alleges the value of the steers to be $900. To this petition the defendant presented the following demurrers:

" '1.   Now comes the defendant, C. T. Rucker, and by way of resisting the jurisdiction of this honorable court demurs generally to plaintiff's petition, and says the same shows that this court has no jurisdiction and of this he prays judgment of the court.

" '2.   Specially excepting to plaintiff's petition on the ground of jurisdiction of this court, defendant says that the same is insufficient in that it shows that if plaintiff ever had any lien on the alleged eighteen head of oxen it was only a carrier's lien at common law, and not a contract lien, or such a lien in law as the value of the property covered by said lien would fix and govern the jurisdiction of this court, and that said petition shows that the amount in controversy is $55.50, and not the value of the property on which plaintiff asserts a lien, and of this he prays judgment of the court.'

"The demurrers were sustained by the court and plaintiff's suit dismissed.

"Upon the foregoing statement we respectfully certify for your decision the following question:

"Did the trial court err in sustaining the demurrers to the petition?"

Accompanying the certificate and briefs sent up by the Court of Civil Appeals we find a copy of an opinion by Mr. Justice Pleasants, from which we infer that the case was in the first instance decided by that court, and that the question was certified upon the filing of a motion for a rehearing. In that opinion the question is ably discussed and we concur in the reason and conclusion there announced. (Texas & N. O. Ry. Co. v. Rucker, 12 Texas Ct. Rep., 544.)

We answer the question in the affirmative.