RANDALS v. PECOS VALLEY STATE BANK et al.

(Court of Civil Appeals of Texas. El Paso. Dec. 11, 1913. On Rehearing, Jan. 15, 1914.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Assignments of error unsupported by propositions as required by rule 30 (142 S. W. xiii), governing the briefing of cases, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

On Rehearing.

2. COURTS (§ 170*)—COUNTY COURTS—AMOUNT IN CONTROVERSY—JURISDICTION.

A judgment of the county court foreclosing a chattel mortgage will be reversed where the petition fails to allege the value of the property upon which foreclosure is sought, so as to show it to be of an amount within the jurisdiction of the county court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

Appeal from Reeves County Court; H. N. McKellar, Judge.

Action by the Pecos Valley State Bank and others against Ben Randals. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Ben Randals and Ben Palmer, both of Pecos, for appellant. Buck & Starley, of Pecos, for appellees.

HIGGINS, J. The Pecos Valley State Bank brought this suit, seeking recovery upon a certain promissory note executed by Melville A. Davis and R. T. Davis in the sum of $582.25, together with foreclosure of chattel mortgage liens upon certain personal property, the value of which was not stated in the petition.

Error is assigned to the failure of the court to sustain a general demurrer to the petition upon the ground that it was insufficient in failing to allege the value of the property upon which foreclosure was sought, showing such value to be of an amount within the jurisdiction of the county court. It is the better practice to allege such value, but failure to do so does not subject the petition to general demurrer. Mangum v. Buffalo-Pitts Co., 131 S. W. 1196.

[1] The remaining assignments of error are not entitled to consideration, because unsupported by propositions, as required by rule 30 (142 S. W. xiii), governing the briefing of cases. However, the record contains no statement of facts, and, in the absence of same, all possible questions which might be presented by the assignments would of necessity be overruled.

Affirmed.

On Rehearing.

[2] In the original opinion it was held that failure to allege the value of the property upon which foreclosure was sought, showing same to be of an amount within the jurisdiction of the county court, did not subject the petition to general demurrer. This holding was based upon the opinion rendered by the Galveston Court of Civil Appeals in Mangum v. Buffalo-Pitts Co., 131 S. W. 1196. This was the only authority presented to the court upon the question, but upon rehearing appellant has called our attention to Stricklin v. Arrington, 141 S. W. 189, and Wilson v. Ford, 159 S. W. 73, decided by the Ft. Worth Court of Civil Appeals, in which it was held that it must affirmatively appear from the record that the county court had jurisdiction over the subject-matter of the suit. We also find the recent case of Bates v. Hill, 144 S. W. 288, decided by the Galveston Court of Civil Appeals, where it was held that the jurisdiction of the county court over the subject-matter must be shown by the petition. This latter case does not refer to the former case of Mangum v. Buffalo-Pitts Co., but the two are in direct conflict, and the former must be considered as overruled by the latter. We regard the two cases by the Ft. Worth Court of Civil Appeals and the latter case by the Galveston court as stating the proper rule, and, since the petition in the instant case did not allege the value of the property upon which foreclosure of the mortgage lien was sought, there was therefore a failure to affirmatively show the jurisdiction of the court over the subject-matter of the suit, which necessitates a reversal.

The motion for rehearing is granted, and the cause reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes