AMERICAN LAW BOOK CO. v. FULWILER. (No. 1083.)

(Court of Civil Appeals of Texas. El Paso. March 11, 1920.)

1. EVIDENCE ⬌462—CONTRACT CANNOT BE CONTRADICTED BY PAROL AS TO SUBJECT OF SALE.

A written contract of sale of two sets of books cannot be contradicted by parol to show that it was a sale of one of the sets, which was being published volume by volume, and but a loan of the other.

2. PLEADING ⬌34(2)—SPECIFIC ALLEGATIONS CONTROL GENERAL.

Specific allegations control those of a general nature.

3. PLEADING ⬌34(2)—LEGAL CONCLUSIONS INEFFECTIVE WHERE NOT JUSTIFIED BY THE SPECIFIC ALLEGATIONS.

General allegations that a contract was executed through accident, mutual mistake, and fraud with respect to a certain feature thereof were ineffective as conclusions, where specific allegations of fact concerning such matter failed to show any accident, mutual mistake, or fraud.

4. SALES ⬌81(2)—WHERE TIME OF DELIVERY NOT FIXED DELIVERY WITHIN REASONABLE TIME IMPLIED.

Where a written contract for the sale of a legal work was silent as to the time within which the work was to be issued, the law implied that the books should be issued within a reasonable time.

5. EVIDENCE ⬌441(9) — LEGAL IMPLICATION IN CONTRACT CANNOT BE CONTRADICTED BY PAROL.

Where a sale of a legal publication was silent as to the time within which all the different volumes of the set were to be issued, the purchaser is not entitled to contradict the legal implication that the volumes were to be issued within a reasonable time, by showing a contemporaneous oral agreement fixing two to five years as the time within which the work was to be completely issued.

6. SALES ⬌38(4) — FALSE REPRESENTATION MUST BE OF PAST OR PRESENT CONDITION.

An oral representation on which a charge of fraud on the part of a seller may be based, in avoidance of a written contract, must be a representation of a past or present condition or existing fact, as distinguished from a promissory representation contractual in its nature and contradictory of the written contract.

7. EVIDENCE ⬌434(11) — SALES ⬌38(3) — REPRESENTATION THAT LEGAL WORK WAS IN PLATE AND READY FOR PRESS HELD ONE AS TO EXISTING FACT.

The value of a legal work being largely dependent on its early completion and delivery, an oral representation by an agent of the seller that the work was already in plate and ready for the press was a representation of an existing material fact, the proof of which would not infringe upon the rule which forbids the introduction of parol to vary or contradict the terms of written instruments.

8. EVIDENCE ⬌434(11)—FALSE REPRESENTATION OF EXISTING FACT DOES NOT CONTRADICT WRITTEN CONTRACT.

A clause in a contract of sale and purchase that "No representation or agreement has been made by salesman not herein stated," does not render it inadmissible, as varying the terms of a written contract, to show by parol that the salesman made a false representation of an existing fact; since, if the contract was ob-

tained by fraud, such clause never became operative or effective.

**9. TRIAL 25(12) — WHERE BUYER SET UP FRAUD BURDEN OF PROOF WAS ON SELLER ENTITLING HIM TO OPEN AND CLOSE.**

In an action by a seller on a written contract of sale and purchase, the burden of proof of the whole case rested on the seller, although the purchaser sought to avoid the contract by reason of fraudulent representations of seller's agent, and court erred in depriving seller of right to open and conclude argument, in view of Rev. St. 1911, art. 1953, District and County Court Rule 31 (142 S. W. xx); defendant not admitting that plaintiff had a good cause of action as set forth in the petition, except as defeated by facts constituting a good defense as set up in the answer.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Suit by the American Law Book Company against C. H. Fulwiler. Judgment for defendant, and plaintiff appeals. Reversed and remanded for retrial.

Ben L. Cox, of Abilene, for appellant.
D. M. Oldham, of Abilene, for appellee.

HIGGINS, J. Appellant brought this suit against appellee upon a contract and note executed by the appellee. The contract reads as follows:

"To the American Law Book Co., 27 Cedar St., New York, N. Y. Forward by freight to address below, transportation prepaid, 40 volumes of Cyc. and Index and Annotations, 43 volumes in all, and Corpus Juris as issued (62 volumes estimated), in thin paper, Russia binding, which I agree to receive and pay for at $7.50 per volume, as follows: $30 cash herewith and my notes payable $5 monthly for 55 months and thereafter $7.50 per volume upon delivery of volumes 41 to 62, inclusive, of Corpus Juris upon the terms stated below.

"The company will exchange volumes 1 to 40, inclusive, of Corpus Juris as issued, volume for volume, for Cyc. purchased by subscriber under this contract, such exchange to be in full payment for volumes 1 to 40, inclusive, of Corpus Juris. Cyc. may be retained until Corpus Juris is completed.

"The company agrees to furnish free any and all volumes in excess of 62, inclusive of Index, which may be required to complete Corpus Juris, and subscriber agrees to pay carriage charges on all exchange of free volumes of Corpus Juris.

"Also send me future Yearly Annotations covering Cyc.-C. J. system, at $8 annually. All books to belong to the vendor until entire purchase price is paid. This contract is entire and not severable. In case of default in any payment for 30 days, purchase price of all books delivered will be due and payable, including note given therefor. Six per cent. interest runs on installments after maturity.

"No representation or agreement has been made by salesman not herein stated, and duplicate of this contract has been signed by purchaser, and when approved by the company will be returned to purchaser.

> "[Signed] C. H. Fulwiler,
> "Abilene, Texas.

"Dated 11-5-15.
"No. 405.
"Salesman, D. G. Johnson.
"Contract accepted November 10, 1915.
> "[Signed] The American Law Book Co."

The note reads as follows:

> "Nov. 5, 1915.

"For value received, I promise to pay to the order of the American Law Book Company of New York $277.50, as follows, viz.: $5 on the 1st day of January, 1916, and $5 upon the 1st day of each and every month thereafter until the full sum of $277.50 has been paid, with interest at the rate of 6 per cent. per annum on each installment after maturity thereof. Payable direct to company.

> "C. H. Fulwiler."

It was alleged in the petition that 43 volumes of Cyc. had been delivered to defendant under the contract and likewise volumes 1 to 9 of Corpus Juris, and that there was a balance of $278.80 due upon the contract price and note, and by reason of default upon the part of defendant in payment of installments due the plaintiff had elected to declare the whole amount due.

The defendant answered, setting up that appellant's salesman, Johnson, through whom he made the purchase of the books described in the contract, falsely and fraudulently represented to him that the topics covered by Corpus Juris were in plate, practically ready for the press, and that the work would soon be fully published and delivered, and if the defendant would subscribe therefor the same would be delivered in from 1 to 2 volumes per month and not less than 12 to 24 volumes per year, and that the work would be published and delivered in from 3 to 5 years, and in no event more than 5 years, and estimated that Corpus Juris would consist of about 62 volumes; that such representations were material and induced defendant to purchase the set, and were fraudulently made to induce the defendant to execute the contract and note sued upon, and that, relying upon the representations, the defendant executed such contract and note. It was further alleged that the representations were false and were fraudulently made, and that only 17 volumes of Corpus Juris had been published and delivered and the same would not be completed and delivered in less than 20 or 30 years; that by accident, mutual mistake, or fraud the contract did not show the real agreement between the parties, because it was understood that defendant was buying Corpus Juris and not the work known as Cyc. and that Cyc. was merely loaned to defendant until

the completion of Corpus Juris. The answer is quite lengthy, but the foregoing states the substance of the allegations. Defendant sought to rescind the contract of sale and recover the money theretofore paid by him.

The plaintiff filed special exceptions to the defensive matter pleaded by the defendant, setting up that the contract was in writing and the matters and things pleaded sought to vary, by parol, the terms of the written contract. These exceptions were overruled, and upon trial before a jury verdict was returned and judgment rendered in favor of the defendant. Error is assigned to the action of the court in overruling the plaintiff's exceptions to the answer.

[1-3] Addressing ourselves first to that portion of the answer which sets up that the real understanding and agreement between the parties was that the defendant was buying Corpus Juris and not the work known as Cyc., this portion of the answer was demurrable. The written contract speaks for itself in this particular, and it is not competent to contradict and vary the same by showing that the real agreement was to buy Corpus Juris, and that Cyc. was merely loaned to the purchaser. It is true there is an allegation that the written contract, by accident, mutual mistake, or fraud, did not state the true agreement between the parties, but this was a general allegation and legal conclusion and the concrete facts pleaded failed to sustain this general allegation. Specific allegations control those of a general nature, and the specific allegations made fail to show any accident, mutual mistake, or fraud with respect to this feature of the contract. Legal conclusions cannot be thus substituted for the rule that the facts must be pleaded.

[4, 5] Adverting now to that feature of the answer which sets up oral representations made by the salesman Johnson as an inducement to the contract that Corpus Juris would be delivered at the rate of 1 or 2 volumes per month, or not less than 12 to 24 volumes per year, and the entire work published and delivered in from 3 to 5 years, and in no event exceeding 5 years: The written contract is silent as to the time within which Corpus Juris was to be issued, but the law implies that it should be done in a reasonable time. The appellee is not entitled to contradict this legal implication by showing a contemporaneous oral agreement fixing 2 to 5 years as the time within which the work was to be issued. Jefferson v. Congleton, etc., 172 S. W. 739, and cases there cited.

[6] These oral representations were promissory and contractual in their nature, and thus became merged in the written contract. It is a well-settled principle of the law of sales that an oral representation on which a charge of fraud on the part of a seller may be based in avoidance of the written contract must be a representation of a past or present condition or existing fact, as distinguished from a promissory representation contractual in its nature and contradictory of the written contract. Bigham v. Bigham, 57 Tex. 238; 2 Mechem on Sales, § 870; 24 R. C. L. p. 339, and authorities there cited.

[7, 8] The representations indicated fall within the rule announced, and the exceptions should have been sustained to that portion of the answer. There was no error in the action of the court in overruling the exceptions, in so far as they relate to that portion of the answer setting up the false and fraudulent representations of the agent Johnson that the topics covered by Corpus Juris were in plate and practically ready for the press. It is shown by the answer that the value of the work was largely dependent upon its early completion and delivery, and if the work was already in plate and ready for the press this was a matter which materially affected the value of the work. This was a representation of an existing fact, and proof thereof would not infringe upon the rule which forbids the introduction of parol to vary or contradict the terms of a written instrument. In this connection the appellant invokes that portion of the written contract which states: "No representation or agreement has been made by salesman not herein stated." It is insisted that evidence of the salesman's representation of existing facts contradicts this portion of the written contract. In this there is no merit. Parol evidence is always admissible to show that an instrument was obtained by fraud. If the contract sued upon was obtained by fraud, the portion thereof relied upon by the appellant never became operative or effective. The parol evidence of the false and fraudulent representations as to the existing facts is not introduced to vary or contradict that portion of the written contract, but to show that this portion and every other part of the contract never became operative or binding upon the appellee. Evidence of the oral representations made by the salesman of existing facts does not alter or vary any of the contractual obligations assumed by the parties in the written contract, but merely contradicts a recitation of fact. This question has been directly passed upon in Bridger v. Goldsmith, 143 N. Y. 424, 38 N. E. 458, and Pratt v. Darling, 125 Wis. 93, 103 N. W. 229. See, also, Hinkley v. Oil Co., 132 Iowa, 396, 107 N. W. 629, 119 Am. St. Rep. 564; Trust Co. v. Beck, 167 S. W. 753; Mortgage Co. v. Coe, 166 S. W. 419.

Upon the views stated, the appellant's exceptions to the defendant's answer should have been sustained, except as to those allegations which show false and fraudulent representations of material existing facts made by Johnson as an inducement to, and

which did induce, the execution of the contract by the defendant.

Error is assigned to the admission of testimony by the defendant and the witnesses Scarborough and Gerard to the effect that the salesman Johnson said plaintiff would get out 2 volumes per month of Corpus Juris and would complete the entire set in about 5 years. The admission of this testimony was contrary to the parol evidence rule. Jefferson, etc., v. Pridgen & Congleton, 172 S. W. 739.

It is assigned as error that the verdict and judgment is not supported by the evidence and is contrary to the law; also that a peremptory instruction requested by appellant should have been given. In view of the testimony in the record relating to the false and fraudulent representations of existing facts made by the salesman Johnson, this assignment is overruled. In view of a retrial, we refrain from any comment upon the probative force of this evidence. Error is assigned to the action of the court in permitting defendant to testify that he did not contemplate buying Cyc., that plaintiff's agent did not try to sell him Cyc., and that the understanding was that Cyc. would be loaned to defendant, and that he would not have entertained a proposition to buy Cyc. The written contract with reference to Cyc, speaks for itself, and the evidence was improperly admitted.

Complaint is made of the action of the court in permitting the defendant to open and conclude the argument to the jury.

[9] The burden of proof of the whole case, under the pleadings, did not rest upon the defendant. Neither did defendant, so far as the record discloses, admit that the plaintiff had a good cause of action as set forth in the petition, except as defeated by facts constituting a good defense as set up in the answer. In this condition of the record the court erred in depriving plaintiff of the right to open and conclude the argument. Article 1953, R. S.; District and County Court Rule 31 (142 S. W. xx); Smith v. Eastham, 56 S. W. 218.

There are some other assignments relating to matters which it is unnecessary to consider, as there is no occasion for them to arise upon retrial.

This suit is in the county court and seeks foreclosure of lien upon the books sold to appellee. There is no allegation in the petition as to the value of the property upon which foreclosure is sought. As to the necessity of such allegation see Stricklin v. Arrington, 141 S. W. 189; Randals v. Bank, 162 S. W. 1190; Reeves v. Faris, 186 S. W. 777; Bush v. Campbell, 201 S. W. 1055; Bates v. Hill, 144 S. W. 288.

For the errors indicated, the cause is reversed and remanded for retrial.