## GRAHAM FUEL OIL CO. v. YOUNG COUNTY OIL SYNDICATE. (No. 9912.)

(Court of Civil Appeals of Texas. Fort Worth. April 15, 1922. Rehearing Denied May 13, 1922.)

1. **Courts** ⚖121(3)—**Value of property upon which lien exists fixes jurisdictional amount.**

Ordinarily, the value of property upon which a lien exists and upon which a foreclosure is sought fixes the jurisdictional amount.

2. **Courts** ⚖121(3)—**County court has no jurisdiction in suit for only $150, notwithstanding attachment on property valued at $500.**

In a suit for only $150, an attachment, issued after or at the time of the filing of the suit, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 242, upon property valued at $500, will not sustain the jurisdiction of the county court.

Appeal from Young County Court; W. H. Reeves, Judge.

---

Suit by E. K. Longon and others, doing business under the partnership name of the Graham Fuel Oil Company, against the Young County Oil Syndicate and others. From judgment sustaining defendant T. O. McCoy's plea to the jurisdiction of the trial court, the plaintiffs appeal. Affirmed.

Brown & Graham, of Graham, for appellants.

Hinson & Ricker, of Graham, for appellee.

BUCK, J. In this suit, E. K. Longon, J. E. Wrenn, J. E. Dowdle, and H. O. Holbert, doing business under the partnership name of the Graham Fuel Oil Company, in the county court sued the Young County Oil Syndicate, designated as a common-law trust, and T. O. McCoy, trustee, agent, manager, and part owner, the other trustees, agents, managers, and owners alleged to be unknown, for a debt for two loads of fuel oil sold to defendants. Plaintiffs alleged that they had had issued on the day the suit was filed a writ of attachment, and that the officer had levied on a Ford automobile of the value of $500. The trial court sustained defendant McCoy's plea to the jurisdiction of the trial court, and the plaintiffs have appealed.

The only question presented on this appeal is: In a suit for only $150, will an attachment, issued after or at the time of the filing of a suit (as required by article 242, V. S. Tex. Civ. Stats.), upon property valued at $500, sustain the jurisdiction of the county court?

[1] Whatever may be the rule in other jurisdictions, in Texas the courts hold that ordinarily the value of the property upon which a lien exists and upon which a foreclosure is sought fixes the jurisdictional amount. T. & N. O. Ry. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815, certified question by Supreme Court, 99 Tex. 125, 87 S. W. 818; Smith v. Giles, 65 Tex. 341; Red Deer Oil Development Co. v. Huggins (Tex. Civ. App.) 155 S. W. 949, writ refused; Ball v. Beaty (Tex. Civ. App.) 223 S. W. 552; Childress Oil Co. v. Wood (Tex. Sup.) 230 S. W. 143. It has been held that in a suit to foreclose a statutory landlord's lien the jurisdictional amount is the amount of the debt, and not the value of the property upon which the lien exists, since the statute contemplates a foreclosure upon only so much of the property as is sufficient to satisfy the debt. Manire v. Wilkinson (Tex. Civ. App.) 136 S. W. 1153; Childress Oil Co. v. Wood (Tex. Sup.) 230 S. W. 143. In the last-cited case, the Supreme Court refers to the holding by the Austin Court of Civil Appeals in Allen v. Glover, 27 Tex. Civ. App. 483, 65 S. W. 379, that in a suit to foreclose a statutory laborer's lien upon only so much of the property attached as was necessary to satisfy the plaintiff's claim the same rule applies as in case of the foreclosure of a landlord's lien, and says:

"It is possible that by analogy this could be permitted in the foreclosure of such lien."

See Ferrell-Michael Abst. & Title Co. v. McCormac (Tex. Civ. App.) 184 S. W. 1081, 1087, affirmed by Commission of Appeals, 215 S. W. 559.

[2] But in none of these cases cited is the creation of the lien dependent upon the filing of the suit and the subsequent levy of the writ. The lien in those cases already, it was alleged, existed, and one of the purposes of the suit was to foreclose the lien. Therefore the right of foreclosure was involved in the action. In the instant case, at the time of the filing of the suit, no lien against the automobile existed, and the jurisdictional amount was determined by the amount of the debt alleged, to wit, $150. Therefore, the trial court committed no error in sustaining the plea to the jurisdiction and dismissing the suit.

The judgment of the trial court is affirmed.