## R. O. KIPP CO. et al. v. ANGLIN.
### (No. 7320.)

(Court of Civil Appeals of Texas. San Antonio. March 18, 1925.)

**1. Courts ⟨⟩183—Justices of the peace ⟨⟩ 31—Jurisdiction of justice and county courts is limited.**

Jurisdiction of justice and county courts is limited.

**2. Courts ⟨⟩169(2) — Jurisdiction of county courts in suits to foreclose lien on personal property determinable by value of such property; exceptions stated.**

In suits involving the foreclosure of a lien upon personal property, the jurisdiction of the county courts pursuant to Const. art. 5, § 16, is determinable by the value of such property, and not by the amount sued for, except in cases where the lien is fixed by statute and limited

to certain part of the property, such as landlord's lien, under Rev. St. art. 5481.

**3. Mines and minerals ⊙═117 — Petition in county court to foreclose laborer's lien held to require dismissal of cause for failure to show jurisdiction of county court.**

Petition in county court, based on Act Feb. 13, 1917, c. 17, §§ 1, 4 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639d), and Rev. St. 1911, arts. 5621, 5631, as amended by Act March 31, 1917 (Laws 1917, c. 171 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5621, 5631]), to recover for labor performed in connection with drilling of gas well, and to foreclose lien upon all of certain personal property of defendant, which did not allege the value of the property sought to be foreclosed, *held* to require dismissal as failing affirmatively to show jurisdiction of county court, within Const. art. 5, § 16.

**4. Courts ⊙═183—County court lacking jurisdiction of subject-matter was without jurisdiction to render judgment except that of dismissal.**

County court, which lacked jurisdiction of subject-matter, was without jurisdiction to render judgment except that of dismissal.

**5. Appeal and error ⊙═20—Court of Civil Appeals powerless to enter judgment except order of reversal and dismissal of cause over which trial court had no jurisdiction.**

Court of Civil Appeals is powerless to enter judgment except order of reversal and dismissal of cause over which trial court had no jurisdiction.

Error from McMullen County Court; D. B. Martin, Judge.

Suit by Everett Anglin against the R. O. Kipp Company and others. Judgment for plaintiff, and defendants bring error. Reversed, and cause dismissed.

Lewright & Lewright, of San Antonio, for plaintiffs in error.

R. P. Coon, of San Antonio, for defendant in error.

SMITH, J. Defendant in error, Anglin, brought this suit in the county court of McMullen county against plaintiff in error the R. O. Kipp Company, a partnership, to recover the sum of $900 for labor alleged to have been performed by Anglin in connection with the drilling of a gas well by the Kipp concern, on an 80-acre oil and gas lease owned by it in said county. Anglin also alleged the filing, and prayed for foreclosure, of a laborer's lien upon certain property belonging to plaintiff in error, consisting of said lease and a producing gas well thereon, as well as upon the well machinery, rotary rig, engine, boiler, pumps, derrick, water and fuel tanks, well casing, tools and apparatus, and other machinery and supplies used and located upon the leased premises. In a trial in the court below, Anglin recov-

ered judgment against the partnership and individual partners for $437, and for a foreclosure of his asserted lien upon the property described. The defendants in the court below have appealed. The plaintiff did not allege the value of the property upon which he held or sought to establish the laborer's lien, nor did he allege any facts from which such value could be inferred.

[1] The primary and, as it occurs, the controlling question presented is one of jurisdiction. The county and justice courts have but limited jurisdiction in this state. The general civil jurisdiction of county courts is limited to cases in which the "matter in controversy shall not exceed one thousand dollars, exclusive of interest." Section 16, art. 5, Const.

[2] In suits involving the foreclosure of a lien upon personal property, the jurisdiction of the county courts is determinable by the value of the property upon which the lien is sought to be foreclosed, and not by the amount sued for. Ry. v. Rucker, 99 Tex. 125, 87 S. W. 818; Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Wilkerson v. Huddleston (Tex. Civ. App.) 258 S. W. 884; Oil Dev. Co. v. Huggins (Tex. Civ. App.) 155 S. W. 949.

This rule applies to all cases of foreclosure of liens upon personal property, except in cases where the lien is fixed by statute, and by express provision of such statute limited in its operation to only so much of the property as is necessary to satisfy the judgment. An instance of the exception is found in the landlord's lien for rents, advances, etc. In that case the lien is rendered enforceable by distress proceedings, wherein it is expressly provided that the sheriff may levy upon only so much of the property of the debtor "as will satisfy the demand" of the creditor. Article 5481, R. S.

[3] The laborer's lien provided for in such cases as this, for labor done in connection with oil and gas operations, is created under Act Feb. 13, 1917, c. 17, § 1 (1918 Vernon's Supp. art. 5639a). By article 5639d, Id., this lien is made enforceable through the provisions of chapter 2, title 86, R. S. 1911, as amended by the Act of March 31, 1917 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5621, 5631), in which there are no provisions limiting the levy to "so much" of the property of the debtor "as will satisfy the demand."

Defendant in error cites and relies only upon the cases of Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1128; Dazey v. Pennington (Tex. Civ. App.) 31 S. W. 314; Irion v. Bexar County, 26 Tex. Civ. App. 527, 63 S. W. 550; and Allen v. Glover, 27 Tex. Civ. App. 483, 65 S. W. 379, as sustaining his contention that in cases of foreclosure of liens fixed by statute the amount of money sued for, rather than the value of the prop-

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erty covered by lien, determines jurisdiction. The three cases first cited relate to the landlord's lien, which is enforceable by statute limiting the levy to only so much of the property "as will satisfy the demand" of the debtor, which, as has been shown, has no application to this case, which presents no such restriction; and the decision in Allen v. Glover, relating to the laborer's lien, is based upon the mistaken assumption that the statute providing for the laborer's lien contains a similar restriction. All the cases cited and relied upon by defendant in error have been distinguished, and, as affecting suits to enforce the laborer's lien, overruled, in all the later cases upon the subject. Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143; Ry. v. Rucker, 99 Tex. 125, 87 S. W. 818, expressly approving the holding of the Court of Civil Appeals in the same case, 38 Tex. Civ. App. 591, 88 S. W. 815; Oil Dev. Co. v. Huggins (Tex. Civ. App.) 155 S. W. 949, writ of error denied; Ball v. Beaty (Tex. Civ. App.) 223 S. W. 552; Ferrell v. McCormac (Tex. Civ. App.) 184 S. W. 1081. In the case of Oil Co. v. Wood, supra, the Supreme Court raises the question, shrouding it in doubt, as to whether or not the rule would be strictly applied in case a plaintiff by express language prayed for foreclosure upon only so much of the debtor's property as would be necessary to extinguish the debt. This suggestion is of no moment here, however, as the plaintiff below sought in his pleadings to foreclose upon the whole of the property, and obtained judgment thereon. Other cases supporting the rule are Wilkerson v. Huddleston (Tex. Civ. App.) 258 S. W. 884; McKee v. Le Fors (Tex. Civ. App.) 253 S. W. 598; Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457; Marshall v. Stowers (Tex. Civ. App.) 167 S. W. 230; Reeves v. Faris (Tex. Civ. App.) 186 S. W. 772; Randals v. Bank (Tex. Civ. App.) 162 S. W. 1190. The holdings of the cases cited are unmistakable and overwhelming, and in deference to them we hold that in this case the jurisdiction of the court below was determinable by the value of the property against which the lien was sought to be enforced, and not by the amount sued for, although that amount was within the jurisdiction of the court.

[4, 5] It is elemental that it was incumbent upon the plaintiff to allege facts affirmatively showing that the county court had jurisdiction over the subject-matter of the suit, which, as has been shown, was in this case the value of the property upon which the lien was asserted. The plaintiff below did not attempt to meet this requirement; he alleged no facts showing or even tending to show the value of that property. So far as the allegations in the petition show, it may have had a value of as much as $10,000, or more; or less than $1,000, although

the general nature of the property described might easily support an inference that it was probably worth much more than the latter amount. The point is, however, that the value was alleged neither directly nor indirectly, and therefore the plaintiff failed to meet the burden cast upon him to show by affirmative allegations that the court had jurisdiction of the subject-matter of the suit. That being the case, the court had no power to render any judgment except that of dismissal. It follows, as a matter of course, that as this court has no jurisdiction of causes over which the trial court had no jurisdiction, it has no power to enter any judgment other than an order of reversal and dismissal. Wilkerson v. Huddleston, Hodgkinson v. Hartwell, Reeves v. Faris, Marshall v. Stowers, all hereinabove cited; Lusk v. Hardin (Tex. Civ. App.) 176 S. W. 787; Randals v. Bank (Tex. Civ. App.) 162 S. W. 1190; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Wilson v. Ford (Tex. Civ. App.) 159 S. W. 73; Bates v. Hill (Tex. Civ. App.) 144 S. W. 288.

Accordingly, the judgment will be reversed, and the cause dismissed, at the cost of defendant in error.