### DUBOIS v. WALTERS.   (No. 445.)

(Court of Civil Appeals of Texas. Waco. Dec. 9, 1926.)

**1. Courts ⊚⇒170—Value of property sought to be foreclosed in county court must be shown in pleadings before court has jurisdiction.**

Pleadings of plaintiff in county court, seeking foreclosure of lien on personal property, must show value of property before court. has jurisdiction.

**2. Chattel mortgages ⊚⇒279—Affidavit for sequestration must be filed as part of record in suit to foreclose mortgage before issuance of writ (Rev. St. 1925, arts. 6840–6843).**

Under Rev. St. 1925, arts. 6840–6843, affidavit for sequestration, filed in suit to foreclose mortgage, must be filed as part of record, either as part of original petition or as separate paper, before issuance of writ of sequestration.

**3. Courts ⊚⇒170—Affidavit for sequestration is part of pleadings to show value of property on which mortgage lien is sought in determining county court's jurisdiction to be foreclosed (Rev. St. 1925, arts. 6840–6843).**

Affidavit for sequestration, under Rev. St. 1925, arts. 6840–6843, filed in connection with suit to foreclose mortgage lien in county court, should be deemed part of pleadings for purpose of affirmatively showing value of property in determining whether county court has jurisdiction.

**4. Courts ⊚⇒170—County court had jurisdiction to foreclose lien though value was not stated in petition, in view of affidavit for sequestration.**

Affidavit for sequestration, alleging value of automobile to be $900, *held* to confer jurisdiction in county court over petition filed on same day to foreclose mortgage lien on automobile in which value of automobile was not stated.

Appeal from Hill County Court; Olin Culberson, Judge.

Suit by L. H. Walters against W. J. Dubois. Judgment for plaintiff, and defendant appeals. Affirmed.

Frazier & Averitte, of Hillsboro, for appellant.

Morrow & Stollenwerck, of Hillsboro, for appellee.

BARCUS, J. Appellee instituted this suit against appellant, seeking to recover $817.57 and to foreclose a mortgage lien on a Star automobile. The petition did not state the value of the automobile. At the time appellee filed his petition he filed an affidavit for a writ of sequestration, in which he alleged the value of the automobile to be $900, and alleged that he had a valid mortgage lien thereon and prayed for the issuance of a writ of sequestration. The cause was tried to the court, and resulted in a judgment being rendered for appellee for the amount of his debt, together with a foreclosure of his mortgage lien on the automobile.

[1] The only question presented in this court for review is, Did appellee allege a cause of action within the jurisdiction of the county court? Appellant contends that it was essential for the petition to allege the value of the mortgaged property in order to show that the county court had jurisdiction. The overwhelming weight of authority is that the pleadings of plaintiff in the county court, where a foreclosure of a lien on personal property is asked, must show the value thereof. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Texas & N. O. R. Co. v. Rucker, 99 Tex. 125, 87 S. W. 818; Myers v. Dodson & Son (Tex. Civ. App.) 254 S. W. 1112; Jaco v. Nash Co. (Tex. Civ. App.) 269 S. W. 1089. Appellee contends that, since the affidavit for sequestration, which was filed on the same date the original petition was filed, states the value of the automobile to be $900, that same cures the defect in the petition and that the affidavit for sequestration and the petition should be taken together in determining the issue as to whether appellee had alleged a cause of action within the jurisdiction of the county court.

[2] So far as we have been able to find, this identical question has not been determined by our courts. Articles 6840 to 6843 of the Revised Statutes provide that in a suit to foreclose a mortgage the plaintiff may have a writ of sequestration issued upon the filing of his petition for the debt and an affidavit and bond. The affidavit may be embraced in and made a part of the original petition, or it may be made a separate and distinct paper, but in either event, before the issuance of the writ the affidavit must be filed as a part of the record in the case. Almost the identical state of facts as contained in this record was

---

presented in the case of T. & N. O. Ry. Co. v. Rucker, 99 Tex. 125, 87 S. W. 819. In that case suit was instituted in the county court by the railway company to recover $55.50 and to foreclose a carrier's lien on 18 head of steers which it alleged it had transported over its railway for the defendant Rucker, and asked for judgment for said sum, together with a foreclosure of its lien. The petition as filed did not state the value of the steers. At the time the suit was filed the railway company filed its affidavit for a writ of sequestration and the affidavit alleged the value of the steers to be $900. The trial court dismissed the case for want of jurisdiction on the theory that the railway company had no lien. The cause was appealed and certified to the Supreme Court, and it held that the railway company had a lien and that the county court had jurisdiction to hear and determine the case. There is no suggestion in the opinion by either the Court of Civil Appeals or the Supreme Court that questions the sufficiency of the pleadings. It seems to have been recognized by the trial court, as well as the appellate courts, that the affidavit for sequestration should be taken as a part of the pleadings in determining the amount in controversy. The Supreme Court held that the pleadings were sufficient to confer jurisdiction on the county court.

The rule is laid down in 3 Corpus Juris, 400, as follows:

"It has been held that the affidavit filed for writ in replevin, or an affidavit prepared and filed in pursuance of a statute in attachment or garnishment, may be looked to in order to ascertain the value of the property or the amount involved, as the case may be."

[3, 4] In the case of Pennington v. Ritchie, 100 Miss. 792, 57 So. 220, it was held that the court could look to the affidavit to determine the value of the property, and to the same effect, in substance, is the holding in the case of Pick v. Mutual Life Ins. Co., 192 Ill. 157, 61 N. E. 455. While we fully agree with the holding of our courts that the record must show affirmatively the value of the personal property on which a mortgage lien is sought to be foreclosed in the county court, we are of the opinion that the affidavit for sequestration filed in connection with the suit to foreclose should be taken into consideration and should be deemed a part of the pleadings for said purpose. The affidavit for sequestration filed in this case having been filed on the same date as the petition, and having referred to the fact that the suit was filed, and the automobile having been described in the affidavit the same as it was described in the petition, and in addition to said description having given the value thereof, we think was sufficient to confer jurisdiction upon the trial court.

Since we are of the opinion that the record shows affirmatively that the county court had jurisdiction of this cause, and this being the only issue presented by the appeal, the judgment of the trial court is affirmed.