## C. M. LANE v. MOSES HOWARD.

In an action on a note, for an amount within the jurisdiction of a Justice's Court, given for the balance of the purchase money of real estate, exceeding in value the amount of the jurisdiction of a Justice's Court: Held, that suit on the note for the amount due, and to enforce the vendor's lien, was properly brought in the District Court.

The subject of the enforcement of the vendor's lien, is one peculiarly within the cognizance of a court of equity, and a correct knowledge of the principles upon which courts of equity proceed in the administration of justice, is often-times essential to the proper determination of questions arising upon this branch of the law.

It seems, that the Legislature did not intend to give to the Justice's Court jurisdiction to determine such questions.

ERROR from Caldwell. Tried before the Hon. Alexander W. Terrell. The facts of the case are stated in the opinion of the court.

*Theo. Rogan*, for plaintiff in error, argued that the eighty dollars claimed in the petition is the " matter in controversy" in this suit; not the property sought to be sold to pay the amount claimed; and cited Hartley's Digest, Art. 641, 712.

BELL, J. In this case Howard, the defendant in error, instituted suit in the District Court, against Lane, on a promissory note for the sum of eighty dollars. The petition alleged that the sum due upon the note was a part of the purchase money of certain lots described in the petition, which lots were alleged to be of the value of two hundred dollars. The prayer of the

petition was, that the vendor's lien upon the lots (which was asserted in the petition) might be established, and the lots sold in satisfaction of the amount due upon the note. The judgment was in accordance with the prayer of the petition. It is assigned as error, that the court below had no jurisdiction of the case, the sum demanded by the petition being only eighty dollars.

The question made in this case, was made also in the case of Marshall v. Taylor, 7 Tex. Rep. 235. In that case, this court held, that suits for the foreclosure of mortgages, where the mortgaged property exceeds one hundred dollars in value, should be instituted in the District Court, even where the debt demanded is for a sum within the jurisdiction of a justice of the peace. It often becomes a matter of much difficulty, for the most enlightened courts to determine, whether or not the vendor's lien exists, and ought to be enforced. The subject is one peculiarly within the cognizance of a court of equity, and a correct knowledge of the principles upon which courts of equity proceed in the administration of justice, is oftentimes essential to the proper determination of questions arising upon this branch of the law. We do not think that the legislature ever intended to give to the courts of justices of the peace jurisdiction to determine such questions. The judgment is affirmed.

Judgment affirmed.