TEXAS & ST. LOUIS R. R. CO. V. ALLEN & HUMPHREYS.

(No. 1374, Op. Book No. 3, p. 378.)

APPEAL from Smith County.  Opinion by WILLSON, J.

§ 568. *Lien of mechanics, etc., for work on railroads; jurisdiction of county court to foreclose; value of the property does not determine the jurisdiction.* The property upon which the lien was sought to be foreclosed exceeded in value $1,000. The county court is undoubtedly clothed with power to adjudicate liens upon personal property. [Rev. Stats. 1169; R. R. Co. v. McMullen, *ante*, p. 64.] This jurisdiction, in cases like this one, is not controlled by the value of the property upon which the lien is sought to be foreclosed. The statute which creates the lien in question in this case also settles the jurisdiction of the courts as to that lien. While the lien is given upon the road-bed and equipments of the railroad, it is contemplated by the statute that it shall be

enforced against so much of the property only as shall be sufficient to satisfy the judgment, thus limiting the lien to the amount of the judgment. [Acts 1879, chap. 12, p. 8, § 2; Rev. Stats. App. p. 4.] Marshall v. Taylor, 7 Tex. 235, and Lane v. Howard, 22 Tex. 7, are not considered as applicable to, or decisive of, the question in this case.

§ **569.** *Construction of statute relating to lien of mechanic, etc., for work on railroad; what it embraces; meaning of mechanic, laborer, etc.* This suit is by Allen & Humphreys, as copartners, seeking to enforce against the appellant the statutory lien created by the act before referred to, for labor performed by Allen, and for tools and teams and supplies furnished in the construction of appellant's road. The proof shows that Allen performed service as foreman or superintendent of some laborers for thirty-seven days, for which he charged $3 per day, making $111. Plaintiffs had also purchased two small claims for labor done on the road, amounting in the aggregate to $8.10, making the whole amount claimed for labor $119.10. The remainder of appellees' account is for tools and teams and supplies furnished, and moneys advanced; the whole amount of appellees' account, and for which they recovered judgment, foreclosing the statutory lien against appellant's property, being $459.38. The question is, does the statutory lien embrace all of the items in plaintiffs' account, or only some of them, and if only some, which of them? This question requires a construction of the statute. The statute provides " that all *mechanics, laborers* and *operatives*, who may have *performed labor* in the construction or repair of any railroad, locomotive, car, or other equipment to a railroad, or who may have *performed labor* in the operating of a railroad, and to whom *wages are due or owing*, shall hereafter have a lien prior to all others upon such railroad and its equipments for such *wages* as are unpaid." [Acts 1879, chap. 12, p. 8, § 1; R. S. App. p. 4.] The lien is given only to *mechanics, laborers* and *operatives*

for *labor performed*, and for *wages* due or owing to them for such *labor*. Were the services performed by appellee Allen those of a mechanic, laborer or operative, within the meaning of the statute? The evidence shows that, under a contract with one Bussey, who was a sub-contractor of appellant, Allen performed services as the foreman or superintendent of laborers engaged in the construction of appellant's road, furnished certain tools and teams to carry on the work of construction, and sometimes used the tools himself, and at other times directed their use by the laborers. The court below adjudged him to be a mechanic, and based its decision upon the definition of that word given by Webster. We do not think he was a *mechanic* within the usual and common acceptation of. that word, nor within the meaning and intent of the statute. Neither was he an *operative*. If he is entitled to claim the benefit of the statute at all, it is as a *laborer*. It has been held that a time-keeper and superintendent in the employ of a contractor is not a *laborer*. [Ryles v. Baker, 14 Kan. 563.] But we are not disposed so to hold. We think the foreman or superintendent of a company of laborers, who remains with them directing their work, and sometimes working himself, is within the meaning and intent of the word "laborer," as used in the statute. While he may not actually work with the shovel, scraper, plow or other implement, he performs a laborious and necessary part of that work by overlooking and directing it, and is as indispensable to the construction of the road as the man who actually uses the tools. We think, therefore, that appellees were entitled to their lien to the extent of the labor thus done and performed upon appellant's road.

570. *Lien is assignable.* As to the two small claims or time checks for labor embraced in appellees' account, it is contended by appellant that appellees cannot recover upon them, because the lien given by the statute is not assignable. While there is respectable authority in support of appellant's position, the contrary has been decided

by this court, and, we think, correctly decided.    [R'y Co. v. McMullen, *ante*, p. 64.]

**571.** *Lien is restricted to personal labor; does not embrace tools, teams, etc.*    But are the remaining items of appellees' account embraced within the provisions of the statute ? We think not. In Atchison v. Troy & Boston R. R. Co. 6 Abb. Pr. R. (N. Y.) 329, in construing a statute similar to ours, the court says: "The act being in plain derogation of the rule of the common law, and calculated to impose the burden upon this class of corporations of paying twice for the same labor, ought not to be extended by construction to claims not falling clearly within its terms. This will restrict the liability of the corporation to the indebtedness to the laborer for his personal services, with implements used by him, for which no extra charge is ordinarily made. The same principle which would allow the plaintiff compensation, as against the company, for labor performed by his animals, would undoubtedly extend to mechanical forces employed by the owner of a machine, and render them liable for the hire of a steam excavator, performing, perhaps, the labor of an hundred laborers, when used by the owner or his agent in the service of the contractor. It is plain that the statute was not intended to cover an indebtedness for services thus rendered, and it should be confined strictly to claims for personal labor rendered by the complainant himself. Consequently, there can be no recovery in this action for the labor performed by the plaintiff's teams, nor for that of his hired servant." In Balch v. R. R. Co. 46 N. Y. 524, in construing the same statute referred to in the case last cited, the same court says: "The terms 'laborer' and 'labor' were used in their ordinary and usual sense, and the provision was intended to secure the common laborer, one who earned his daily bread by his toil, a compensation for his own work. The terms necessarily imply the personal service and work of the individual designed to be protected. The term 'laborer' cannot be construed as designating

one who contracts for and furnishes one or more teams for work, whether with or without his own services, or the services of others, to take charge of the teams while engaged in the service. When once an enlarged meaning is given to the terms 'laborer' and 'labor,' as used in the statute,— one more extensive than that given by lexicographers, or than is popularly given to them, and so as to include those who perform work by themselves, as well as by agents and servants, or themselves with a team, or with mechanical appliances,— there will be little difficulty in the effort to give a liberal effect to the statute to bring within its terms all who, in any way, contribute to the construction of the road by furnishing the labor of others, or in any form, and by any means, and without limit as to the amount or character of the labor. If a man is entitled to the benefit of the statute who furnishes *one* team, the man who furnishes *fifty* is within the same rule, and the fact that the man labors with or drives his team, or by himself and his servants drives all his teams, cannot affect the principle." The object and purpose of this statute is to secure to *mechanics*, *laborers* and *operatives*, and no others, *wages* due or owing to them for work and labor done and performed in constructing, repairing or operating the road. It is the *wages* for the *individual* personal labor of the mechanic, laborer or operative that it has reference to. It does not extend to work and labor done by others, nor to the use of teams, nor to the use of tools and implements other than such as are personally used by the person claiming wages, nor to money paid out for the company, nor to supplies furnished the company. Such items are not within the language of the statute, nor within its intent. It would be judicial legislation were we to give to this statute the effect which is claimed for it by appellees.

§ 572. *Lien is confined to road-bed and equipments.* The lien given by the statute is confined to the "road-bed and its equipments." The judgment foreclosed the lien

upon the "rolling stock and all other movable property" of appellant. The "movable property" of appellant which was not included in the "equipments of the road" was certainly not subject to the lien, and the court had no authority to adjudge an enforcement of the lien upon it.

October 14, 1882.        Reversed and remanded.