## TEXAS & NEW ORLEANS RY. CO. v. C. T. RUCKER.

### Decided March 31, 1905.

**1.—Jurisdiction—Amount—Carrier's Lien—Foreclosure.**

In an action to enforce a carrier's common law lien, to satisfy which the statute gives the carrier the right to sell the property, the value of the property, and not the amount of the freight charges, determines the jurisdiction of the court. Lawson v. Lynch, 9 Texas Civ. App., 582, distinguished.

**2.—Same—Suit by Lienholders to Recover Possession.**

In an action by a carrier to recover possession of property upon which it has a lien, of which possession it has been wrongfully deprived by the owner of the property, the value of the property determines the jurisdiction of the court.

Appeal from the County Court of Liberty. Tried below before Hon. M. D. Rayburn.

*Baker, Botts, Parker & Garwood* and *Stevens &· Pickett,* for appellant. —1. In suits to enforce a lien held upon personal property, the value of the property which it is sought to subject to the lien, and not the amount of the debt claimed, determines the jurisdiction of the court. Cotulla v. Goggan, 77 Texas, 32; Marshall v. Taylor, 7 Texas, 235; Lane v. Howard, 22 Texas, 7; Smith v. Giles, 65 Texas, 341; Real Estate Co. v. Bahn, 87 Texas, 583; Munroe v. Schwartz, 4 App. Con. Cases, sec. 104.

· 2. If a common carrier has a right to detain goods carried until freight charges thereon are paid, whether such right be by virtue of a contract lien, statutory lien or a common law lien, where the property is taken from the possession of the carrier unlawfully or without its knowledge or consent, the carrier can only protect itself by resorting to a writ of sequestration, in order to regain the possession of the property, and such writ in such case must be issued by the court having jurisdiction of the value of the property to be sequestrated. 19 Am. & Eng. Enc. of Law, 2d ed., vol. 19, pp. 7, 34; 24 Am. & Eng. Enc. of Law, 2d ed., p. 477, par. 1 and 2, and p. 478, par. 3. Cotulla v. Goggan, 77 Texas, 31; Marshall v. Taylor, 7 Texas, 235; Lane v. Howard, 22 Texas, 7; Smith v. Giles, 65 Texas, 341; Real Estate Co. v. Bahn, 87 Texas, 583; arts. 4864, 4865, Rev. Stats., 1895.

*Marshall & Dabney,* for appellee.—Plaintiff, having sued for $55.50 and to foreclose an alleged lien, to wit, a carrier's common law lien, which arises by implication of law, on certain cattle alleged to be of the value of $900, the amount or matter in controversy that governed the jurisdiction was $55.50, and not the value of the property which it is sought to charge with the payment of the $55.50. Marshall v. Taylor, .7 Texas, 235; Lane v. Howard, 22 Texas, 7; Hargrave v. Simpson, 25 Texas, 396; Smith v. Giles, 65 Texas, 341; Cotulla v. Goggan, 77 Texas, 32; Bohl v. Brown, 2 Texas App. C. C., sec. 542; Monroe v. Swartz, 4 App. C. C., sec. 104; Close v. Hannig, 4 App. C. C., sec. 331.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit in the County Court of Liberty County to recover the sum of $55.50, alleged to be due as freight charges for the transportation over its railway of eighteen head of steers belonging to appellee, and to foreclose a carrier's lien on said steers for the amount of the freight charges.

Appellee demurred to the petition on the ground that it shows upon its face that the lien sought to be enforced was only a common law carrier's lien and therefore the amount of the debt claimed and not the value of the property upon which the lien was asserted was the amount in controversy, and this amount being less than $200, the court was without jurisdiction to try the case. The court sustained the demurrer and dismissed the suit; hence this appeal. The affidavit for sequestration filed with the original petition alleges the value of the steers to be $900.

It is a well settled general rule of decision in this State that in a suit to enforce a lien upon personal property the value of the property upon which the lien is asserted, and not the amount of the debt claimed, determines the jurisdiction of the court. Marshall v. Taylor, 7 Texas, 235; Smith v. Giles, 65 Texas, 341; Cotulla v. Goggan, 77 Texas, 32; Real Estate Co. v. Bahn, 87 Texas, 583; Lane v. Howard, 22 Texas, 7. Appellee's contention is thus stated in his first counter proposition to appellant's assignment of error: "The court did not err in sustaining defendant's exceptions to the jurisdiction of the County Court, because plaintiff having sued for $55.50 and to foreclose an alleged lien, to wit, a carrier's common law lien, which arises by implication of law, on certain cattle alleged to be of the value of $900, the amount or matter in controversy that governed the jurisdiction was $55.50, and not the value of the property which it is sought to charge with the payment of the $55.50. It is only in cases of contract liens that the value of the property may be looked to to determine the jurisdiction of the court, and the case at bar is not one on a contract lien."

The case of Lawson v. Lynch, 9 Texas Civ. App., 582, is cited in support of this contention. In that case the plaintiff asserted a landlord's lien upon the crop of his tenant. The suit was brought in the Justice Court, the amount of the indebtedness claimed being less than $200. A distress warrant was sued out and levied upon corn and cotton, the value of which exceeded $200. In discussing the question of whether the defendant's plea to the jurisdiction should have been sustained Justice Williams, speaking for this court, refers to the cases above cited and distinguishes them from the case under consideration. While the opinion does state that the rule, that the value of the property upon which the lien is claimed determines the jurisdiction of the court, had only been applied in cases in which the lien asserted was created by contract or act of the parties, the decision of the case is not based upon that ground, but upon the provisions of the statute directing the manner of the enforcement of the landlord's lien. The following quotation from the opinion shows upon what ground the decision was based:

"In each of the cases mentioned, the lien was created by contract or act of the parties upon specific chattels. The lien of the landlord is by law given generally upon the crops of the tenant and upon property furnished him by the landlord, but is a charge upon no more of such

property, than is necessary to pay the debt. The distress warrant issues "to seize the property of the defendant, or so much thereof as will satisfy the demand." If the case is within the jurisdiction of the justice of the peace, the sheriff is to be directed to return the writ to that court; otherwise it is to be returned to the court having jurisdiction of the amount in controversy. Rev. Stats., art. 3118. Here the amount in controversy necessarily means the debt sued for, because the justice of the peace issuing the writ could only be governed by the amount sued for in giving the proper directions as to its return, as he could not determine in advance the value of the property which would be levied upon. The plaintiff in suing out the writ is not required to state the value of the property subject to the lien. So that, while the landlord may charge any and all of the crops of the tenant with his lien, the judgment in his favor can reach and appropriate to its payment only so much as is necessary to satisfy the debt sued for and found to be due, and can therefore only affect the property to that extent. If the court has jurisdiction to adjudge the debt, it can see to its satisfaction out of the crops as well as it can provide for the enforcement of its judgments by attachment or execution. If jurisdiction exists over the cause of action asserted, it can not be defeated by the accident that the sheriff, after the institution of the suit, levies upon property of greater value than the debt."

We think it is clear that this case does not sustain appellee's contention that the rule above mentioned only applies when the lien is created by contract. Of the remaining cases cited by appellee in support of his proposition the cases of Dozey v. Pennington, 10 Texas Civ. App., 326; Irvin v. Bexar County, 26 Texas Civ. App., 527, 2 Texas Ct. Rep., 862, and Yeiser v. Taylor, 31 S. W. Rep., 84, are cases in which a landlord's lien was sought to be enforced, and the case of Allen v. Glover, 27 Texas Civ. App., 483, 3 Texas Ct. Rep., 420, is one in which a farm laborer's lien was asserted. All of these cases follow the rule announced in Lawson v. Lynch, and the decision in each of them was controlled by the provision of the statute which only authorizes so much of the crop to be seized and sold as might be necessary to satisfy the debt sued for.

The case of Smith v. Giles, supra, settles the question we are considering adversely to appellee. Plaintiff in that case sued to foreclose a laborer's lien under article 3180 of the Revised Statutes, and our Supreme Court held that the value of the boat upon which the lien was claimed determined the jurisdiction of the court.

The carrier's lien at common law was merely a right to hold the property until the freight charges were paid. 1 Jones on Liens, p. 7. But our statute has enlarged this right by authorizing the carrier to sell the property if it is not claimed within a certain time. Rev. Stats., arts. 327, 328, 330.

The petition in this case alleges that appellee had refused to pay the charges due for the transportation of the steers, and had, without the knowledge or consent of appellant, taken them from its possession. Appellant had the right to refuse to deliver the property until the charges were paid, and if such payment was not made within forty-eight hours

after the steers arrived at their destination it could, under the articles of the statute before cited, have sold them and applied the proceeds to the payment of freight charges. Appellee having wrongfully taken the property from appellant's possession and thus prevented it from pursuing its statutory remedy, it could resort to the courts for the enforcement of its rights.

The common law lien is upon the whole of the property, and these statutes authorize the sale of all of the property upon which the charges are due, and do not, as the landlord's lien statute, restrict the right of sale to so much of the property as may be necessary to pay the charges. Such being the character of the lien sought to be enforced by appellant, the value of the property upon which the lien was asserted determines the jurisdiction of the court, and that value being an amount within the jurisdiction of the court below, the exception to the petition for want of jurisdiction should have been overruled.

If appellant was not entitled to have its lien foreclosed and the property sold in satisfaction thereof, it was clearly entitled to regain possession of the steers and hold them until the freight charges were paid, and its petition asks this relief. In a suit of this character the value of the property to which the right of possession is asserted necessarily determines the question of jurisdiction.

The judgment of the court below is reversed and the cause remanded for trial.

*Reversed and remanded.*

Pending a motion for rehearing the question of jurisdiction involved in this case was certified to the Supreme Court and was answered by it in accordance with the opinion as here given. 99 Texas, 125.