## HENDERSON et al. v. GLEZEN.　(No. 2498.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 9, 1922.)

1. **Courts** $\Longleftrightarrow$ 122—**Petition required to show jurisdiction of county court by alleging value of property.**

The value of the property determining the jurisdiction of the county court in action on notes, and to foreclose the chattel mortgage securing them, the petition must show the jurisdiction by allegation of such value.

2. **Chattel mortgages** $\Longleftrightarrow$ 283—**Judgment foreclosing lien and for conversion improper.**

Judgment in action on notes, and to foreclose chattel mortgage securing them, should not be against one personally, joined as having converted part of the property, for the value thereof, and also direct foreclosure of the mortgage lien on the same property.

3. **Sequestration** $\Longleftrightarrow$ 20—**Judgment against sureties on replevin bond limited to amount plaintiff is entitled to recover in the suit.**

In view of the condition of replevin bonds in sequestration proceedings provided by Rev. St. art. 7104, judgment against the sureties may not be for more than plaintiff is entitled to recover in the suit.

Appeal from Upshur County Court; J. R. Melvin, Judge.

Action by T. H. Glezen against James Henderson and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Florence, Florence & McClelland, of Gilmer, for appellants.

T. H. Briggs, of Gilmer, for appellee.

HODGES, J. The appellee, Glezen, filed this suit in the court below against Jim Henderson, one of the appellants, for the recovery of the principal, interest, and attorney's fees due upon two promissory notes held by Glezen. The two notes aggregated the sum of $382.40. It was alleged by the plaintiff below that the first note was secured by a mortgage upon nine head of live stock, consisting of horses, mules, and cattle. A writ of sequestration was prayed for and secured, and judgment asked for the amount of the debt and the foreclosure of the mortgage upon the property. J. M. Mings was made a party defendant upon the ground that he had converted "one blue and white spotted bull" of the alleged value of $20. Henderson answered by general demurrer, and specially raised the issue of jurisdiction of the county court because of the failure of the plaintiff to allege the value of the mortgaged property upon which the foreclosure was sought. He also answered by general denial, plea of payment. Mings answered by special exception, claiming that the court was without jurisdiction to render any judgment against him for the amount sued for. He also specially excepted to the petition upon the ground that it was not sufficiently specific in determining when or how the conversion was made.

After the property had been seized by the sheriff Henderson executed a replevin bond, with J. B. Newby, H. M. Hoskins, Claude Hoskins, E. L. Lockett, W. M. Lockett, and W. A. Barnes as sureties. In a trial before the court without a jury the exceptions and demurrers were overruled, and a judgment rendered in favor of the appellee against Henderson for the sum of $399.72, and ordering a foreclosure of a lien upon all of the property, including the animal which it is alleged Mings had converted. A personal judgment for $20 was also rendered against Mings for the conversion of the animal, and against the sureties upon Henderson's replevin bond for the sum of $1,000.

[1] The first question presented on this appeal is that which challenges the jurisdiction of the trial court because of the failure of the plaintiff below to allege in his pleadings the value of the mortgaged property upon which the foreclosure was sought. It has been repeatedly held that, in suits of this character, the value of the mortgaged property determines the jurisdiction of the court, and that in suits brought in the county court it must affirmatively appear that the court has jurisdiction. Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; T. & N. O. Ry. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Moon Automobile Co. v. Avery (Tex. Civ. App.) 219 S. W. 511; Watts v. Stewart (Tex. Civ. App.) 201 S. W. 1061; Poulter v. S. W. National Bank (Tex. Civ.

App.) 146 S. W. 561; Hamilton v. Hannus (Tex. Civ. App.) 185 S. W. 938.

[2] We are of the opinion that the court also erred in rendering judgment against Mings personally for the animal, and directing a foreclosure of the mortgagee's lien upon the same property.

[3] Article 7104 of the Revised Civil Statutes provides that the condition of replevin bonds in sequestration proceedings shall be that the defendant will not remove the property out of the county, or that he will not waste, illtreat, injure, destroy, or sell or dispose of the same according to the plaintiff's affidavit, and that he will have such property, with the value of the fruits, hire, or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire or revenue of the same in case he shall be condemned so to do. The securities on the replevin bond can in no instance be held liable for more than the value of the property even when this does not exceed the amount of the debt, interest, and costs. They cannot be penalized in a sum in excess of that which the plaintiff is entitled to recover in the suit. Hence the judgment of the court in this instance appears to have been excessively burdensome on the sureties.

There was no error, we think, in the refusal of the court to quash the writ of sequestration because of the irregularities referred to. But for the reasons stated the judgment will be reversed, and the cause remanded for further proceedings. If the property upon which the foreclosure is sought is in excess of $1,000, clearly the county court would have no jurisdiction. In determining jurisdiction of the county court we must look to the pleadings, which control in the absence of some complaint of their falsity in stating jurisdictional facts.