## MYERS v. F. DODSON & SON. (No. 2189.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 17, 1923.)

**1. Appeal and error ⚖=185(2)—Judgment of foreclosure on petition not alleging value of security fundamental error.**

In a suit in a county court on a note for $230 and to foreclose a chattel mortgage lien on a plow rendition of judgment for plaintiff was fundamental error, where there was no averment as to the value of the security.

**2. Courts ⚖=247(7)—Court will not certify question to the Supreme Court where conflict is with but one of several decisions.**

The court will not certify a question to the Supreme Court under Acts 38th Leg. (1923) c. 48, providing that, where the decision of the court is in conflict with an opinion of the Supreme Court, it shall be the duty of such court to certify the question to the Supreme Court for adjudication, where the holding, while conflicting with one decision of the Supreme Court, is in accord with other decisions.

**3. Trial ⚖=140(2)—Testimony of party sufficient to carry case to jury.**

The testimony of defendant alone that the note sued on was given for the accommodation of plaintiff requires that issue to be submitted to the jury.

Appeal from Ochiltree County Court; J. M. Grigsby, Judge.

Action by F. Dodson & Son against Wm. D. Myers. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

R. T. Correll, of Perryton, and Barrett, Works & Stanfield, of Amarillo, for appellant.

J. W. Payne, of Perryton, and Hoover, Hoover & Willis, of Canadian, for appellee.

HALL, C. J. The appellees, a firm, sued the appellant in the county court upon a promissory note in the sum of $230, and to foreclose a chattel mortgage lien on a plow. The petition failed to allege the value of the plow. The appellant's answer consisted of general and special exceptions, general issue, and further pleaded want of consideration for the note, in that it was executed as a matter of accommodation to appellees specially alleging that he exchanged plows with appellees, paying a difference of $60, but later, at their request, he executed the note in suit to provide them collateral to be deposited with the wholesale house, and until they could realize upon the plow he had traded them, and had made payment to the wholesale house. He further alleged that, in pursuance of such exchange agreement, the plows were delivered and the transaction closed prior to the execution of the note in suit. By a supplemental petition the appel-lees denied the accommodation feature of the note transaction, and alleged that appellant delivered his plow to them for his accommodation. They pleaded ratification and estoppel. By trial amendment they sought to recover upon open account the balance due upon the plow, with 6 per cent. interest, and prayed in the alternative that, if it should be held that they were not entitled to recover on the note with 10 per cent. interest, they have judgment upon the account. The appellant admitted appellee's cause of action, and asked to be permitted to open and conclude in the introduction of evidence and argument. This request was denied. After both sides had closed in the introduction of testimony the court directed a verdict for the appellees. Judgment was rendered accordingly.

[1] The first proposition urged is:

"The county court in which this case was tried being a court of limited jurisdiction, the appellee's petition containing no allegation as to the value of the mortgage security on which foreclosure of lien was sought, as being in an amount within the jurisdiction of the county court, the trial court erred fundamentally in rendering judgment in appellee's favor."

This question has been decided in numerous cases by the Courts of Civil Appeals, since their establishment, in accordance with this contention. On the appellee's part it is insisted that the case of Cantrell v. Cawyer (Tex. Civ. App.) 162 S. W. 919, holds to the contrary, which seems to be true upon consideration of the opinion. It was held by Jenkins, Justice, in that case, that where the petition seeking to recover an amount within the jurisdiction of the court, and to foreclose a chattel mortgage, did not disclose the value of the property, the defendant must allege and prove that the property was of value in excess of the jurisdiction before he could avail himself of the want of jurisdiction,

[2] The appellee insists that, if the holding of this court is to the contrary, then that the question be certified to the Supreme Court. It is provided in Acts 38th Leg., p. 94, c. 48, that—

"Wherever, in any cause at any time pending in any of the Courts of Civil Appeals of the several supreme judicial districts of the state of Texas, any one of said courts may arrive at any opinion in the decision of any such cause that may be in conflict with the opinion theretofore rendered by the Supreme Court of Texas or some other Court of Civil Appeals in this state on any question of law, and such Court of Civil Appeals refuses to concur with the opinion so rendered by the Supreme Court or such other Court of Civil Appeals, it shall be the duty of such court failing to concur with the opinion in conflict with the opinion so arrived at by such court, through its clerk, to transmit the question of law, duly certified to, involved in the cause

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

wherein said conflict of opinion has arisen, together with the record or transcript in such cause, to the Supreme Court of the state of Texas for adjudication by the Supreme Court."

We sustain the appellant's proposition, but are of the opinion that we are not required by the act just quoted to certify the question, because, while our holding is in conflict with the Cantrell Case, we are in accord with several prior decisions of the Supreme Court involving this question. As we construe the decision the Supreme Court has so held in the following cases: T. & N. O. Ry. Co. v. Rucker, 99 Tex. 125, 87 S. W. 818; Texas & N. O. Ry. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Smith v. Giles, 65 Tex. 341; Brazoria County v. Calhoun, 61 Tex. 223; Marshall v. Taylor, 7 Tex. 235; Lane v. Howard, 22 Tex. 7; Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742. A writ of error was refused by the Supreme Court in the case of Red Deer Oil & Development Co. v. Huggins (Tex. Civ. App.) 155 S. W. 949, in which the rule was announced by this court. Such being the state of the decisions upon the matter, we decline to certify the question. If the value of the property in a suit to foreclose a contract lien determines the jurisdiction of the court, that fact must be made clear by the petition, and plaintiff's failure to do so is under numerous decisions by the Courts of Civil Appeals fundamental error. Appellee further suggests that the court's action in directing a verdict may be sustained upon the theory that the judgment was rendered upon the account and not upon the note. Since the judgment itself expressly recites that it is based upon the note, we cannot indulge such a presumption.

[3] The second proposition is that—

"The pleading having presented and the evidence having substantially raised the issue as to the note sued upon, having been given as a matter of accommodation to appellees, and without sufficient consideration therefor passing to appellant, the court erred in peremptorily instructing the jury to return a verdict to appellees and in rendering judgment thereon in their favor."

According to appellant's testimony, the note sued upon is accommodation paper, and his evidence is sufficient to raise the issue, which should have been submitted to the jury. The testimony of J. L. Dodson upon the issue of accommodation paper should have been excluded.

There is nothing in the record showing the action of the trial court upon the appellant's request to be permitted to open and conclude in the introduction of evidence and argument. This assignment will not be considered.

For the errors pointed out the judgment is reversed and the cause remanded.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes