## LEIFESTE v. STOKES.
### No. 7691.

Court of Civil Appeals of Texas. Austin.
Jan. 20, 1932.

Roscoe Runge, of Mason, and Newman & McCollum, of Brady, for appellant.

Shropshire & Sanders, of Brady, for appellee.

McCLENDON, C. J.

Stokes, appellee, sued Leifeste, appellant, in the county court upon a promissory note for $768.30, and to foreclose a chattel mortgage upon live stock securing it. The original petition did not state the value of the live stock. The note matured January 1, 1927, and the suit was filed December 29, 1930, just three days before the note would have been barred by limitation. Citation, duly issued and served, was returnable to the term of court which convened April 20, 1931. Leifeste did not answer, and judgment by default was taken against him May 7, 1931. At the same term, on June 20, 1931, Leifeste filed a motion to strike out plaintiff's original petition, on the ground that without his knowledge or consent, and without notice to him, the words "of the value of $600.00" had been interlined therein so as to allege the value of the live stock. At the same time he filed an answer setting up as the only defense to suit that, at the time the interlineation was made (May 7, 1931), the note was barred by the four years' statute of limitations. Rev. St. 1925, art. 5527. Upon hearing on the motion it was shown that the interlineation was made May 7, 1931, upon leave of court to

amend, and with the consent of the court that the amendment be made in that manner. The motion was overruled, and the appeal is from the default judgment.

 The county court being one of limited jurisdiction, it was essential to allege that the value of the property sought to be foreclosed upon did not exceed $1,000, the limit of the court's jurisdiction. Absent such allegation, the petition was fatally defective and would not support a judgment. On this point the authorities are uniform. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Texas & N. O. R. Co. v. Rucker, 99 Tex. 125, 87 S. W. 818; and numerous subsequent decisions by the courts of civil appeals.

It is equally well settled that, where defendant has not answered, he must be served with notice of any amendment to the petition which materially alters the cause of action alleged, or supplies allegations essential to maintain the suit. See Furlow v. Miller, 30 Tex. 29; Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303.

By his voluntary appearance as proponent of the motion, and by answer asserting limitation at the time the interlineation was made, Leifeste submitted to the jurisdiction of the court for all purposes. The court had the power to allow the amendment; and the method employed (interlineation) was, in any event, only an irregularity, which could not affect the validity of the judgment, and which could only be taken advantage of where prejudice was shown. The right of Leifeste, therefore, to have the judgment set aside depends upon the question whether the defense of limitation which he interposed in his answer was maintainable.

The filing of the suit tolls the statute of limitations as to every cause of action asserted in the original petition. And this is true, no matter how imperfectly the cause of action is alleged, and even when the allegations are so defective that the petition is bad upon general demurrer. Scoby v. Sweatt, 28 Tex. 713; Killebrew v. Stockdale, 51 Tex. 529; Southern Surety Co. v. Sealy Ind. S. Dist. (Tex. Civ. App.) 10 S.W.(2d) 786 (error refused). For other cases, see 16 Tex. S. W. Digest "Limitation of Actions,"

Appellant contends that, since the amendment set up for the first time a cause of action over which the court had jurisdiction, limitation would run up to the date of its filing. The effect of this contention is that the amendment, by supplying the omitted value of the live stock as being within the jurisdiction of the court, set up a new and different cause of action from that theretofore alleged. We are unable to concur in this reasoning. There is no question as to the identity of causes of action before and after the amendment. The suit was upon the same debt, and the foreclosure was sought upon the same property. The cause of action was the same regardless of the value of the live stock. The amendment merely supplied an omitted element (value) which was essential to jurisdiction. It appears to be the uniform practice to allow such amendments. McKee v. Le Fors (Tex. Civ. App.) 253 S. W. 598; Jaco v. W. A. Nash Co. (Tex. Civ. App.) 269 S. W. 1089; Richardson v. Hardware Co. (Tex. Civ. App.) 33 S.W.(2d) 466.

We hold that the filing of the suit tolled the statute of limitations, and therefore that the asserted defense of limitation was not available.

The trial court's judgment is affirmed.

Affirmed.