## OLLOQUI v. DURAN.
No. 11213.

Court of Civil Appeals of Texas. Dallas.
April 15, 1933.

Rehearing Denied May 13, 1933.

Frank R. Graves, of Fort Worth, for plaintiff in error.

B. W. Ashworth, C. E. Farrall, and A. A. Kern, all of Dallas, for defendant in error.

BOND, Justice.

Defendant in error brought this suit against plaintiff in error in the county court of Dallas county at law No. 2, for the sum of $266.31, with interest and attorney's fee, balance due on a note executed by plaintiff in error, and to foreclose a mortgage lien on personal property.

The only allegation touching the value of the property covered by the lien is as to the purchase price of the articles, viz., $516.31. Plaintiff in error did not except to defendant in error's petition, as failing to show jurisdiction, nor did she allege that the property upon which the mortgage was sought to be foreclosed exceeded $1,000 in value; neither did she suggest the want of jurisdiction in her motion for a new trial. The record comes to this court without a statement of facts, and, for the first time, it is here insisted that fundamental error was committed in the trial below, because of the failure of defendant in error's petition to allege the value of the mortgaged property.

■■ The contention of plaintiff in error that this case should be dismissed for want of jurisdiction must be overruled. The petition alleges an amount of $266.31, which was within the jurisdiction of the trial court, and the mere failure to allege the value of the property mortgaged would not deprive the court of its jurisdiction. The value of the property involved is not the only ground to confer jurisdiction upon trial courts. If the allegations of the petition or the proof in evidence should show the value of the property exceeded in amount the jurisdiction of the court, then, in such event, the trial court would have been without jurisdiction to en-

tertain the suit; on the other hand, if the allegations of the petition showed the amount in suit to be within the jurisdiction of the court, but fails to show the value of the property, and no proof is tendered showing such value, the mere failure to allege the value does not oust the court of its jurisdiction. The petition, in this instance, being sufficient to show jurisdiction, it would have been incumbent upon plaintiff in error to show the lack of jurisdiction. This position has support in the case of Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742, 743. In passing upon this point, the Supreme Court said: "* * * It was the right of the defendant to insist upon their dilatory plea, and prove that the value of the piano exceeded $200, and thereby to defeat the jurisdiction and secure a dismissal of the suit."

Thus, it was the privilege of plaintiff in error to raise the question of the insufficiency of the petition, and then defendant in error could have amended, and if the amendment had shown the value of the property to be beyond the jurisdiction of the court, the case necessarily would have been dismissed under the uniform holding of the courts of this state, or, if the record on appeal showed the value of the mortgaged property in excess of the jurisdictional amount of the court, a fundamental error could be raised at any time and the case would have to be abated.

■ We conclude that the pleadings were sufficient to show jurisdiction, and nothing in the record to show otherwise, no statement of facts accompanying this appeal, and every presumption must be indulged in favor of the jurisdiction of the court; therefore, this case is affirmed.

Affirmed.

On Motion for Rehearing and to Certify.

■ We are not unmindful of the established rule of this state that the value of the chattels described in a mortgage sought to be foreclosed determines the amount in controversy, and where such value is shown to exceed in amount the jurisdiction of the court, such will oust the court of the right to proceed to judgment. However, the value of the property must be shown, either in the pleading or evidence, to raise the issue. Courts may not indulge the presumption that the property value exceeds the jurisdictional amount of the court. In a suit to foreclose a chattel mortgage, it is not essential that the value of the property be shown to confer jurisdiction, but in order to oust the court of such jurisdiction, it is essential to affirmatively show that the amount in controversy exceeds its jurisdictional amount.

We are in accord with the rule announced by the holdings of our Supreme Court and Courts of Civil Appeals, except in the case

of Myers v. F. Dodson & Son (Tex. Civ. App.) 254 S. W. 1112, 1113. In that case, the Amarillo Court of Civil Appeals holds that, "If the value of the property in a suit to foreclose a contract lien determines the jurisdiction of the court, that fact must be made clear by the petition, and plaintiff's failure to do so is under numerous decisions by the Courts of Civil Appeals fundamental error," and cites as a basis for such holding its construction of the decisions in the following cases: T. & N. O. R. Co. v. Rucker, 99 Tex. 125, 87 S. W. 818; T. & N. O. R. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Smith v. Giles, 65 Tex. 341; Brazoria County v. Calhoun, 61 Tex. 223; Marshall v. Taylor, 7 Tex. 235; Lane v. Howard, 22 Tex. 7; Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742, 743; Red Deer Oil Dev. Co. v. Huggins (Tex. Civ. App.) 155 S. W. 949, writ of error refused by the Supreme Court.

▮ We do not so interpret the decisions. None of these authorities are in conflict with our holding—they emphasize the fact that something must appear in the record to show that the amount in controversy exceeds the jurisdiction of the court entertaining the suit. In each of the cited cases, the value of the property mortgaged appears in the record. The case of T. & N. O. R. Co. v. Rucker involves a claim instituted in a justice court for $55.50, and to foreclose a lien on steers, appearing in the record to be of the value of $900. The court holds that the value of the steers determines the amount in controversy. In Smith v. Giles, there is involved a claim for $14, and to foreclose a lien on a boat, which the record shows exceeds the value of $20. The court holds that the value of the boat determines the right of appeal from the justice court. Such also is the holding in the case of Brazoria v. Calhoun. In Red Deer, etc., v. Huggins, the question of jurisdiction was raised, as to a suit filed in a county court, and the record reveals that the parties agreed "that the value of the property upon which the laborer's lien was sought to be foreclosed was more than $1,000." The court holds that the established value of the property determines the jurisdiction of the court. In Cotulla v. Goggan, Judge Gaines lays down the rule applicable to the situation here, as follows: "It is well settled in this court that, in suits to enforce a lien upon personal property, the value of the property determines the jurisdiction of the court. Marshall v. Taylor, 7 Tex. 235; Lane v. Howard, 22 Tex. 7; Smith v. Giles, 65 Tex. 341. It is also clear that, if the justice's court did not have jurisdiction of the case, the district court acquired none by the appeal. Wise v. O'Malley, 60 Tex. 588; Neil v. State, 43 Tex. 91. Also we are of opinion that, if the justice's court did not have jurisdiction by reason of the value of the property upon which the lien was sought to be enforced, the want of jurisdiction could not be cured in the district court by an abandonment of the claim of lien, and that, although plaintiffs may have dismissed in the district court so much of their action as sought to enforce the mortgage, yet it was the right of the defendant to insist upon their dilatory plea, and prove that the value of the piano exceeded $200, and thereby to defeat the jurisdiction, and secure a dismissal of the suit. But appellants' difficulty is that the record does not show that any evidence was introduced, or even offered, in support of the plea. It does not appear that any action was taken upon the question of jurisdiction."

In consonance with our holding, in addition to the above authorities, we cite Cantrell v. Cawyer, 162 S. W. 919, opinion by the Austin Court of Civil Appeals. In that case, as here, there was no pleading or evidence to suggest that the value of the property mortgaged exceeds the jurisdiction of the trial court. The court holds that: "A petition in an action in the county court, which shows that the amount sought to be recovered is within the jurisdiction of the court, and which seeks to foreclose a chattel mortgage on property, the value of which is not disclosed, states a cause of action within the jurisdiction of the court, in the absence of any suggestion of want of jurisdiction based on the value of the property." So, in this case, in the absence of such showing, the amount sought to be recovered on the face of the petition determines the jurisdiction of the court. Such being the state of this record, and under the authorities of this state, we decline to burden the overcrowded condition of our Supreme Court by certifying the question.

Motion for rehearing and to certify is overruled.