## BRINEGAR v. HENDERSON HARDWARE CO.

### No. 8420.

Court of Civil Appeals of Texas. Austin.

May 27, 1936.

Rehearing Denied June 17, 1936.

J. W. Thomas, of Belton, for appellant.

McCLENDON, Chief Justice.

Appellee has moved to dismiss the appeal on the ground that the case has become moot since the appeal was taken. The suit, which originated in the justice court, was to recover a balance owing upon a promissory note and to foreclose a chattel mortgage securing it. An appeal to the county court resulted in a judgment for appellee for the claimed amount sued for and foreclosing the chattel mortgage. The appeal to this court is upon cost bond without supersedeas; and the motion to dismiss is predicated upon the record showing that the only controversy in the case was whether certain chattels included in the mortgage had been excepted therefrom by agreement of the parties; and upon showing aliunde the record that all this property had been sold under the foreclosure subsequently to the appeal. Manifestly, the ground upon which the motion rests is untenable. The point is thus concisely stated in 3 Tex.Jur., p. 1333, § 935: "A judgment may be enforced during pendency of appeal, unless it be superseded by such a bond as the law requires. Judgment having been enforced, the party who has taken the benefit thereof will, in case of reversal by the appellate court, be required to restore what he has received by enforcing his judgment. The current authority shows that a party obtaining, through a judgment, before reversal, any advantage or benefit, must return to the other party after reversal that which he may have obtained." See, also, Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030; Peticolas v. Carpenter, 53 Tex. 23.

In passing upon the motion, it became necessary for us to examine the record and appellant's brief. The latter urges only one point, namely, that the court was without jurisdiction, because the value of the mortgaged property was nowhere alleged, either in the justice or county court; nor was there any proof of such value. This is conclusively shown by the record, and

is admitted in the statement of facts agreed to by both parties, from which we quote: "No pleading or proof was offered as to the value of any of the chattels described in the mortgage, and on which the plaintiff sought to foreclose its mortgage lien."

■ The justice court is without jurisdiction to foreclose a contract lien upon property, the value of which exceeds the jurisdictional limitations of the court. Cotulla v. Goggan, 77 Tex. 32, 13 S.W. 742; 11 Tex.Jur. p. 759, § 41.

■ Pleadings which do not allege such value are fatally defective and will not support a judgment for plaintiff. Leifeste v. Stokes (Tex.Civ.App.) 45 S.W.(2d) 1006.

The trial court's judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee urges that our holding is in conflict with those in:

1. Olloqui v. Duran (Tex.Civ.App.) 60 S.W.(2d) 808, 809, that "In a suit to foreclose a chattel mortgage, it is not essential that the value of the property be shown to confer jurisdiction, but in order to oust the court of such jurisdiction, it is essential to affirmatively show that the amount in controversy exceeds its jurisdictional amount."

2. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, 846, to the effect that since pleadings may be oral as well as written in the justice court, and in appeals therefrom to the county court, it will be presumed, in the absence of affirmative record showing to the contrary, that the pleadings were sufficient to show the jurisdiction of the court.

The above-quoted holding in Olloqui v. Duran was expressly overruled by the Supreme Court in 92 S.W.(2d) 436, 437.

The holding in Clonts v. Johnson has no application here for two reasons: (1) The plaintiff filed a petition in the justice court, and another in the county court, setting forth the elements of his cause of action, as fully as if the case had been one in the county or district court. (2) The parties expressly agreed that "no pleading or proof was offered as to the value of any of the chattels" in suit.

"Under our statutes the pleadings in the justice court in civil cases are oral, but it is nevertheless true that such pleadings determine the amount in controversy precisely the same as do written pleadings, for whether the pleadings are written or oral they are essential to a recovery and they necessarily determine the extent of the possible recovery. There can be no recovery in the absence of pleadings." Clonts Case, above.

It was further said in that case that, since the pleadings in such cases may be oral, they "are not ordinarily shown in the appeal to the Court of Civil Appeals, and can only appear by *agreement*, or testimony in the record, or be evidenced by a proper bill of exceptions." (Italics supplied.)

Here, as stated, the pleadings were in writing, and the absence of allegation or proof of jurisdictional amount was shown by agreement.

To grant appellee's motion would create a conflict with those decisions of the Supreme Court.

The motion is overruled.