

# THE ATTORNEY GENERAL

# OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 9, 1966

Honorable R. L. Lattimore
Criminal District Attorney
Edinburg, Texas

Opinion No. C-757

Re: Jurisdiction of suits
for delinquent personal
property taxes, plus
interest and penalties,
where the total amount
sued for is over $200
but less than $500.

Dear Sir:

You have requested the opinion of this office in regard to the proper jurisdiction of suits for delinquent personal property taxes plus penalties and interest where the total amount in controversy is over $200 but less than $500, exclusive of interest and costs.

We quote from your letter, requesting the opinion, as follows:

"A serious question has arisen concerning the collection of Delinquent Personal Property Taxes for Hidalgo County as to whether the District Court or County Court has jurisdiction when the amount of taxes involved, including penalty and interest, is over $200.00 but less than $500.00. The question can further be broken down with regard to the following three situations: One: If suit is originally filed by the State (For State or County Taxes)? Two: If suit is originally filed by a City or Independent School District? Three: If suit is originally filed by a City or Independent School District and the State should intervene in such suit?"

Situation One.

Since 1876 the Constitution of the State of Texas has provided that the District Court shall have original juris-

-3637-

diction in all suits in behalf of the State to recover penalties.

Section 8, Article V, of the Constitution of Texas, reads, in part, as follows:

"The District Court shall have original jurisdiction . . . in all suits in behalf of the State to recover penalties. . . ." (Emphasis supplied)

Article 1906, Vernon's Civil Statutes, also confers original jurisdiction upon the District Court in such cases, providing that:

"The district court shall have original jurisdiction in civil cases of:

1. Suits in behalf of the State to recover penalties, forfeitures and escheats. . . ." (Emphasis supplied)

Section 16, Article V, of the Constitution states in part:

"The County Court . . . shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest . . ."

Article 1949, Vernon's Civil Statutes, confers exclusive original jurisdiction in such cases in the County Court.

We have been unable to find a case directly in point with regard to ad valorem taxes, but the case of State v. Kingham, 361 S.W.2d 191 (Tex.Sup. 1962) involving a suit for delinquent unemployment compensation contributions and penalties arising by virtue of failure to pay the taxes on time, held that jurisdiction of the suit by the State for the penalties was conferred upon the District Court. In that case the Court stated the question and decided it as follows: (Beginning at page 192)

"As the case is before us, the control-
ling question is whether this suit is for a
'penalty' as used in Art. V, Sec. 8, State
Constitution, Vernon's Annotated Statutes,
so as to confer jurisdiction on the District
Court to try this cause, or whether this is
a suit for a debt consisting of taxes and as
a part thereof penalties, governed by Article
V, Section 16, which gives exclusive juris-
diction to the Courty Court in all civil
cases where the matter in controversy shall
exceed $200 and not exceed $500 exclusive of
interest. . . ."

"The reasoning in the case of Jones v.
Williams (1931) 121 Tex. 94, 45 S.W.2d 130,
79 A.L.R. 983, settles the question before
us. After a lengthy and thorough discussion,
that case holds that the interest and the
penalty exactions added to delinquent taxes
by the various constitutional and statutory
provisions are 'penalty' rather than inter-
est eo nominee. The Court says:

'The imposition of penalties
is the means provided to prevent
tax delinquencies, and since the
word implies some form of punish-
ment, it is obvious all legisla-
tion competent under the constitu-
tion must be of that nature. . . .'
(Emphasis theirs)

". . . The case of Jones v. Williams,
supra, decides that the penalty and interest
added to delinquent taxes is not an incident
of the taxes, but is a separate and distinct
item provided by the Legislature as a punish-
ment for failure to pay taxes prior to delin-
quency, and therefore, a 'penalty' within
the meaning of the Constitution. . . ."

It has been consistently held by this office that both
the State and County ad valorem taxes upon any single sep-
arately assessed item of property must be paid at the same

time in order to obtain a discount under Article 7255b, Vernon's Civil Statutes. Attorney General's Opinion Nos. 0-1262, 0-6124, 0-1187, 0-6397, V-734 and C-338. It is therefore inconceivable that a suit would be filed for state taxes and not for county taxes or vice versa. It might also be noted that Article 7332, Vernon's Civil Statutes, provides that the District or County Attorney shall represent the State and County in all suits against delinquent taxpayers.

It is therefore, our opinion that suits for the collection of delinquent personal property taxes owing to either the State or County must include the tax owing to the other and will invariably include penalties and interest, and thus be suits in behalf of the State for penalties as defined by the Kingham case. We hold that exclusive jurisdiction for such suits is conferred upon the District Court.

## Situation Two.

In considering where jurisdiction is conferred in suits brought by cities and independent school districts for personal property taxes, where the amount in controversy is between $200 and $500, we turn again to Article V, Section 16, of the Texas Constitution, which directs all such suits are to be brought in the County Court. Article 1949, confers exclusive original jurisdiction upon the County Court for these suits.

An exception to the law as expressed by the preceding statute exists when the value of the property against which the lien is asserted exceeds $500. When the value of the property exceeds $500, the District Court has concurrent jurisdiction with the County Court except in cases where the value of the property exceeds $1,000, in which case the District Court has exclusive jurisdiction.

### a. Amount in Controversy

Considering the problem of amount in controversy, the Court in Billingsley v. City of Fort Worth, 278 S.W.2d 869 (Tex.Civ.App.1955, error ref.n.r.e.) held, in a suit by a city and school district for delinquent taxes assessed against personal property of the defendant, that:

". . . the penalties on delinquent taxes
/city and school/ must be considered as in
the nature of damages and as such are to be
considered as part of the amount in contro-
versy." (Bracketed insert supplied)

It would seem that this holding also supports the pro-
position that a suit by a city or independent school district
for taxes and penalties is not a suit in behalf of the State
and thus not subject to the rule as later laid down by the
Kingham case, supra, and that proper jurisdiction for such
suits is conferred upon the County Court.

b. Existence of Lien

Article 1060, Vernon's Civil Statutes, provides a lien
against personal property in behalf of cities, stating in
part, ". . . All taxes shall be a lien upon the property
upon which they are assessed. . ."

Article 1060a, Vernon's Civil Statutes amended in 1963,
confers upon all school districts the benefit of all liens and
remedies for the security and collection of their taxes which
are granted incorporated cities and towns. Therefore, the
provisions of Article 1060 are likewise applicable in favor
of school districts. Article 1060a provides as follows:

"(a) All of the provisions of Title 122A,
of the Revised Civil Statutes of Texas of 1925,
be, and the same are made available insofar as
same may be applicable and necessary to all
school districts and municipal corporations
organized under any general or special law of
this State and which have power and authority
to levy and collect their own taxes, and that
each of such school districts and such munic-
ipal corporations shall have the benefit of
all liens and remedies for the security and
collection of taxes due them as is provided
in said Title in the case of taxes due the
State and County, and as otherwise provided
by the General Laws of this State in the case
of taxes due incorporated cities and towns."
(Emphasis supplied)

### c. Value of Property

Concurrent jurisdiction is conferred upon the District Court and the County Court if the value of the property against which the taxes sued for are assessed exceeds $500 but does not exceed $1,000 and the taxing authority is provided with a lien against such property. The case of Texas & N.O.R. Co. v. Rucker, 88 S.W. 815 (Tex.Civ.App. 1905, released after being affirmed on certified question, 99 Tex.125, 87 S.W. 818) states as follows:

> "It is a well-settled general rule of decision in this state that in a suit to enforce a lien upon personal property the value of the property upon which the lien is asserted, and not the amount of the debt claimed, determines the jurisdiction of the court. Marshall v. Taylor, 7 Tex. 235; Smith v. Giles, 65 Tex. 341; Cotulla v. Goggan, 77 Tex. 32, 13 S.W. 742; Real Estate Co. v. Bahn, 87 Tex. 583, 29 S.W. 646, 30 S.W. 430; Lane v. Howard, 22 Tex. 7."

A suit for collection of delinquent taxes is in the nature of an action for debt. City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W. 619 (1894)

The statutory lien of cities, granted by Article 1060, and of school districts, granted by Article 1060a, is upon the whole of the property taxed and all of such property is subject to sale for the taxes. Such being the character of the lien sought to be enforced, the value of the property upon which the lien is asserted must be considered in determining the jurisdiction of the court. Texas & N.O.R. Co. v. Rucker, supra. Compare Southwestern Drug Corp. v. Webster, 246 S.W.2d 241 (Tex.Civ.App.1951). The rule is well stated in 15 Tex.Jur.2d 523 Courts, Sec. 83, as follows:

> "In actions to foreclose liens on personal property the amount sued for as well as the value of the property on which foreclosure is sought are both considered in determining the amount in controversy; the greater amount determining the jurisdiction. . . ."

Although we find no case directly in point wherein this proposition has been applied to delinquent tax suits for personal property taxes, we believe that the following statement from the case of Ball v. Beaty, 223 S.W. 552 (Tex.Civ.App.1920) wherein the court refers to the Texas & N.O.R. Co. v. Rucker case, supra, is a correct statement of the law. The Court said, at page 556:

> "It may be considered as established by the decision in the case of T & N.O. Railway v. Rucker, approved by the Supreme Court, that the rule to the effect that the value of the personal property upon which a lien is sought to be foreclosed, if in excess of the amount of the debt, controls in determining jurisdiction is not limited to contract liens, but applies to common-law liens, and statutory lines. . . ." (Emphasis supplied)

Situation Three.

In response to your last question, no problem is presented if the suit has been filed in the District Court by a city or independent school district and jurisdiction is conferred upon the District Court. Certainly the State and County could intervene in such suit for the purpose of collecting taxes and penalties due to them so long as the rules regarding interventions are followed.

However, where jurisdiction is not conferred upon the District Court, i.e. the amount in controversy being less than $500 and the value of the property against which the taxes are assessed being less than $500, under the holding of the Kingham case, supra, it is clear that the District Court is the only Court that has jurisdiction in which the State and County may properly file suit for delinquent personal property taxes, penalties and interest. The County Court does not have jurisdiction of such suits. Therefore, the suit for the collection of State and County taxes should be filed in the District Court, where any proper interventions by other taxing authorities may be accomplished under the applicable rules of law.

## S U M M A R Y

Jurisdiction for all suits in behalf of the State and County for penalties, regardless of amount is conferred exclusively upon the District Court.

Jurisdiction for cases filed by cities or independent school districts seeking recovery in an amount between $200 and $500 is conferred exclusively upon the County Court unless the property against which the taxes are assessed is of a value of more than $500, in which instance the District Court has concurrent jurisdiction so long as such value does not exceed $1,000.

The State and County may not intervene in suits in County Court for collection of State and County taxes where penalties are involved, such action being a suit in behalf of the State, jurisdiction for which is conferred exclusively upon the District Court.

Very truly yours,

WAGGONER CARR
Attorney General

By John F. Pettit
Assistant

JFP:ck

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Alan H. Minter
Marietta McGregor Payne
Malcolm L. Quick
Brandon Bickett
APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright